22668

The STATE, Petitioner v. Thurman C. OSBORNE and Billy Ray Poston,
Defendants, of whom Billy Ray Poston is Respondent. The STATE,
Petitioner v. Thurman C. OSBORNE and Billy Ray Poston, Defendants,
of whom Thurman C. Osborne is Respondent.

(353 S. E. (2d) 276)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. Harold
M. Coombs, Jr.* and *Norman Mark Rapoport,* Columbia, and
*Sol. Dudley Saleeby, Jr.,* Florence, *for petitioner.*

*Deputy Chief Atty. Elizabeth C. Fullwood, Office of Appel-
late Defense,* Columbia, and *John E. Cuttino* of *Bridges &
Orr,* Florence, *for respondent Osborne.*

*Asst. Appellate Defender Daniel T. Stacey, Office of Appel-
late Defense,* Columbia, *for respondent Poston.*

Submitted Jan. 5, 1987.

Decided Feb. 9, 1987.

*Per Curiam:*

This case is before the Court on petition for a writ of certiorari to review the opinion of the Court of Appeals in *State v. Osborne,* 289 S. C. 142, 345 S. E. (2d) 256 (Ct. App. 1986). We grant certiorari, dispense with further briefing and affirm the opinion of the Court of Appeals as modified.

Respondents were convicted of conspiracy, armed robbery, and two counts of kidnapping and murder. The Court of Appeals held that the State's nondisclosure of two tape recordings of statements made by a key State's witness deprived respondents of a fair trial and reversed and remanded for a new trial.

The Court of Appeals determined that, in reviewing the materiality of nondisclosed evidence, it reviews the entire record as a thirteenth juror. This standard of review is erroneous.

■ Although in determining the materiality of nondisclosed evidence, an appellate court must consider that evidence in the context of the entire record, *United States v. Agurs,* 427 U. S. 97, 96 S. Ct. 2392, 49 L. Ed. (2d) 342 (1976), the court is not to pass upon the sufficiency of the evidence. *State v. Goodson,* 276 S. C. 243, 277 S. E. (2d) 602 (1981). Instead, the appellate court's function is to determine whether the appellant's right to a fair trial has been impaired. *State v. Goodson, supra.*

■ After applying the proper standard of review, we have determined that the nondisclosure of the tapes undermines confidence in the outcome of the trial. Therefore, the decision of the Court of Appeals reversing the convictions and remanding the case for a new trial is affirmed.

Affirmed as modified.