23279

The STATE, Respondent v. James O'Neal DOUGLAS, Appellant.

(397 S.E. (2d) 98)

Supreme Court

*David I. Bruck* and *John H. Blume*, both of *Bruck & Blume*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Attys. Gwendolyn L. Fuller* and *Miller W. Shealy, Jr.,* Columbia, and *Sol. William L. Ferguson, York, for respondent.*

Heard June 8, 1990.

Decided Oct. 8, 1990.

FINNEY, Justice:

Appellant James O'Neal Douglas was convicted for murder, armed robbery and using a firearm in commission of the crimes. We reverse and remand for a new trial.

On August 12, 1987, around 11:30 P.M., John Newton Barber was walking home from work when he encountered the appellant and John Allen Dixon. Moments later, a shot was fired and Barber was killed. Dixon testified for the state at appellant's trial and asserted that appellant had robbed and murdered Barber. Appellant testified and admitted ownership of the murder weapon, but insisted he had loaned the gun to Dixon shortly before the shooting, and that Dixon committed the crimes. Each testified that the other acted independently in committing the offenses.

Appellant alleges the trial judge erred by admitting evidence of a prior unrelated altercation between appellant and Anthony Thoms as a means of establishing appellant's state of mind, and in permitting the state to use this evidence to attack appellant's character. On the other hand, the state asserts that evidence of the Thoms altercation went directly to the issue of appellant's state of mind or intent to murder Barber.

Evidence of crimes or bad acts other than those for which the accused is on trial are inadmissible unless the evidence tends to prove either (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan, or (5) identity. *State v. McConnell*, 290 S.C. 278, 350 S.E. (2d) 179 (1986); *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). The evidence should not be admitted unless the trial judge can clearly perceive a connection between the extraneous bad acts and the crime for which the defendant is being tried. *State v. Gore*, 283 S.C. 118, 322 S.E. (2d) (1984). "Even if evidence of other crimes is deemed relevant and admissible, the evidence may still be excluded if its probative value is substantially outweighed by the danger of undue prejudice or misleading the jury." *State v. Johnson*, 293 S.C. 321, 360 S.E. (2d) 317, 319 (1987).

Thoms, a state witness, testified that he and appellant were "horseplaying" around 1:00 A.M. on August 12, 1987, when appellant produced a pistol from a purple bag, cocked it and threatened to kill Thoms. Thoms testified that he became frightened, went home and called the police. Thoms identified the murder weapon as the same gun appellant pointed at him. In addition, Thoms identified the purple bag in which appellant had been carrying the gun on the night of the murder as the same bag from which appellant produced the gun the night before. The state also called Isaiah Robinson and Roy Boozer, both of whom gave extensive testimony concerning the incident involving Thoms. On cross examination of the appellant, the solicitor probed into details of the Thoms incident, pitting appellant's version against that of the state's witnesses.

In closing argument, the solicitor asserted that testimony about the Thoms incident corroborated Dixon's claim that appellant, and not Dixon, had shot Barber. The solicitor stated:

. . . It's his [appellant's] word against his [Dixon's] word; well, that's not true. You know why he wants you to think that? Because he wants you to forget about all these other witnesses that are talking about how he carries a gun around and how he put it to Mr. Thoms head and say he was going to blow his—you heard what they said. . . .

The solicitor went on to state that appellant's conduct at the time of the Thoms incident showed appellant had malice in his heart when he encountered Barber the following night.

In our view, the fact that the appellant pulled a gun the night before Barber's murder after "horseplaying" with Thoms does not tend to establish appellant's state of mind at the time appellant and Dixon encountered Barber. No connection or relation between the two incidents was established. The State's failure to set forth the logical relevance between the two incidents renders the testimony about the Thoms episode inadmissible for the purpose of proving appellant's intent and state of mind at the time of the Barber murder.

Furthermore, the record before this Court shows that the prejudicial effect of admitting evidence relating to the Thoms incident was compounded by the fact that this evidence formed a substantial portion of the state's case. The incident was described to the jury by three state's witnesses, the solicitor cross-examined the appellant extensively about the occurrence and argued that it revealed appellant's bad character. Under the circumstances of this case, the prejudicial effect of admitting evidence concerning the Thoms incident substantially outweighed its probative value, thereby "raising a legally spurious presumption of guilt in the minds of the jurors." *State v. Lyle, supra,* 118 S.E. at 807.

This case is reversed and remanded for a new trial.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.