24418

The STATE, Respondent v. Terry SMITH, Appellant.

(470 S.E. (2d) 364)

Supreme Court

*Assistant Appellate Defender Robert M. Pachak*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant*.

*Attorney General Charles Molony Condon, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr.*, and *Assistant Attorneys General Alexandria B. Skinner* and *Caroline E. Callison*, Columbia; and *Solicitor Holman C. Gossett, Jr.*, Spartanburg, *for respondent*.

Heard Dec. 5, 1995.

Filed Apr. 29, 1996.

MOORE, Justice:

Appellant appeals his conviction for homicide by child abuse. We reverse and remand.

### FACTS

Appellant Terry Smith was convicted of assault and battery of a high and aggravated nature (ABHAN) and homicide by child abuse under S.C. Code Ann. § 16-3-85 (Supp. 1995). He was sentenced to ten years and life, respectively. The ABHAN charge stemmed from several beatings of 2½-year-old Gabriel Bennett which occurred between December 1993 and January 12, 1994. The homicide charge stemmed from the death of Gabriel's sister, 1-year-old Dwitasia Bennett, on January 12, 1994. Appellant is appealing only his homicide conviction.

Yolanda Bennett, the children's mother, testified appellant put Dwitasia to bed at 3:00 in the afternoon on Wednesday. Yolanda found Dwitasia dead at 1:00 in the afternoon on Thursday. Yolanda testified she did not check on Dwitasia earlier because she feared appellant had done something to her. Further, Yolanda testified she knew Dwitasia was dead when she first picked her up. After discovering Dwitasia, Yolanda washed a blood stain from the bed linens, and then called a

taxi to take her to her mother's house. She waited fifteen minutes for the taxi.

After arriving at her mother's house, Yolanda laid Dwitasia on a bed and paid the cab fare. Yolanda's mother's boyfriend told her to call 911 because Dwitasia was not breathing and blood was coming from her mouth. Yolanda called 911 from a neighbor's house.

The police arrived with the EMS. An officer checked Gabriel and discovered numerous bruises on his torso. Gabriel was taken into protective custody and Yolanda was arrested. Yolanda pled guilty to two counts of criminal neglect and abuse. A third charge, homicide by child abuse, was dropped in exchange for her testimony against appellant.

## ISSUES
Did the trial judge err in refusing to sever the ABHAN and homicide charges?

## DISCUSSION
Appellant gave a statement admitting he had beaten Gabriel. He claims his admission regarding Gabriel prejudiced him on the homicide charge. Appellant contends the trial judge erred in failing to sever the two charges on the ground the jury would be improperly influenced by the ABHAN count. We agree.

Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial judge has the power, in his discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced. *State v. Sullivan*, 277 S.C. 35, 282 S.E. (2d) 838 (1981); *State v. Williams*, 263 S.C. 290, 210 S.E. (2d) 298 (1974); *McCrary v. State*, 249 S.C. 14, 152 S.E. (2d) 235 (1969).

The issue then is whether the denial of appellant's severance motion prejudiced him. After his arrest, appellant gave a written statement admitting he "could have whipped Gabriel too hard at times and left bruises." At trial, this statement was entered without objection. The State's case was entirely circumstantial on the homicide charge. There was no evidence appellant, rather than Yolanda, com-

mitted the homicide offense. In fact, there was no evidence appellant had ever hit Dwitasia. Yolanda testified she had never seen appellant hit Dwitasia. Further, Yolanda admitted hitting both children.[1] We hold appellant was prejudiced by the trial judge's denial of his motion for a severance.

The State contends the ABHAN conviction would have been admissible in a subsequent trial on the homicide charge. We disagree. Under *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923), clear and convincing evidence of other relevant crimes is admissible to prove: 1) motive; 2) intent; 3) absence of mistake or accident; 4) a common scheme or plan that embraces several previous crimes so closely related to each other that proof of one tends to establish the other; or 5) identity. The Court is to balance the probative value of the evidence against its prejudicial effect. *State v. Parker*, 315 S.E. 230, 433 S.E. (2d) 831 (1993). The State contends the ABHAN conviction would be admissible to show a common scheme or plan. We disagree.

Appellant admitted he had whipped Gabriel with a belt or switch. Gabriel's injuries were confined to his torso, buttocks, and arms. He had no bruises on his face or scalp. Dwitasia was killed by brutal blows to her head and neck from a blunt instrument or fist. There was no evidence Dwitasia had been previously beaten by appellant. In the case of the common scheme or plan exception under *Lyle*, a close degree of similarity or connection between the prior bad act and the crime is necessary. *Parker, supra. See also State v. Douglas*, 302 S.C. 508, 397 S.E. (2d) 98 (1990). The connection between the prior bad act and the crime must be more than just a general similarity. *State v. Stokes*, 279 S.C. 191, 304 S.E. (2d) 814 (1983). The acts to which appellant admits are not sufficiently similar to the acts which caused Dwitasia death. *State v. Rivers*, 273 S.C. 75, 254 S.E. (2d) 299 (1979).

Further, under these facts, we hold the prejudicial effect of the ABHAN conviction outweighs its probative value. We find the ABHAN conviction would not be admissible under *Lyle* in a subsequent trial on the homicide charge. Thus, the trial judge erred in failing to grant appellant's motion for a severance. Accordingly, appellant's homicide by child abuse

---

[1] Yolanda admitted she had beaten Gabriel.

conviction is reversed. We need not address appellant's remaining issues.

Reversed and remanded.

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.