479 S.E.2d 517

The STATE, Respondent,

v.

Harvey JONES and Melissa Jones, Appellants.

No. 2594.

Court of Appeals of South Carolina.

Heard Nov. 6, 1996.

Decided Nov. 25, 1996.

312

William E. Whitney, Jr., Union, for Appellant Harvey Jones, and J.M. Long, Jr., Conway, for Appellant Melissa Jones.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General G. Robert DeLoach, III, Columbia; and Solicitor Holman C. Gossett, Jr., Spartanburg, for Respondent.

ANDERSON, Judge:

Appellants Harvey Jones and Melissa Jones have filed this joint appeal from their convictions for the sexual abuse of two minors. We affirm.

## FACTS/PROCEDURAL BACKGROUND

Appellants were indicted on numerous charges related to the alleged sexual abuse of the minor victims Sarah Doe and Mary Roe.[1] The abuse purportedly occurred in December 1991, January 1992, and September 1992. The charges against each Appellant were consolidated into one of two indictments, and they were jointly tried on all charges. Appellants were each convicted of three counts of first degree

---

1. These names are used to protect the identities of the minor victims.

criminal sexual conduct (CSC), two counts of second degree CSC, five counts of criminal conspiracy, and one count of contributing to the delinquency of a minor. Appellants received concurrent sentences of 9 years on each count of first and second degree CSC, 5 years on each count of criminal conspiracy, and 3 years for contributing to the delinquency of a minor. Appellants raise the following issues on appeal.

## ISSUES

(1) Did the trial judge err in granting the State's motion to consolidate the indictments against Appellant Harvey Jones and Appellant Melissa Jones?

(2) Did the trial judge err in denying Appellants' motion for a mistrial based upon the display of emotion in the courtroom by family members of one of the victims?

(3) Did the trial judge err in denying Appellants' motion for a mistrial based upon an alleged discovery violation?

(4) Did the trial judge err in denying Appellants' motion for a mistrial based upon the testimony of expert witness Mary Schults?

## LAW/ANALYSIS

### 1. CONSOLIDATION OF INDICTMENTS

Prior to trial, the solicitor noted for the record that the State had re-indicted Appellants so as to incorporate all pending charges into two indictments—one for each Appellant. The solicitor then moved to consolidate the indictments for one trial. Counsel for Appellant Melissa Jones objected, arguing the consolidation was improper because the charges concerned two different victims. Counsel for Appellant Harvey Jones joined in the motion. The trial judge granted the motion for consolidation, stating he did not believe it "create[d] any harm whatsoever to the rights of either defendant." Appellants contend the trial judge erred in granting the State's motion to consolidate the indictments. We disagree.

The propriety of consolidating charges for trial has recently been reiterated in *State v. Smith*, 322 S.C. 107, 470 S.E.2d 364 (1996):

Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial judge has the power, in his discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced. *State v. Sullivan*, 277 S.C. 35, 282 S.E.2d 838 (1981); *State v. Williams*, 263 S.C. 290, 210 S.E.2d 298 (1974); *McCrary v. State*, 249 S.C. 14, 152 S.E.2d 235 (1969) [ (1967) ].

*Id.* at 109, 470 S.E.2d at 365. Offenses are considered to be of the same general nature where they are interconnected. *State v. Harry*, 321 S.C. 273, 468 S.E.2d 76 (Ct.App.1996).

Conversely, offenses which are of the same nature, but which do not arise out of a single chain of circumstances and are not provable by the same evidence may not properly be tried together. *See, e.g., State v. Middleton*, 288 S.C. 21, 339 S.E.2d 692 (1986) (holding although prison escapee committed two murders within a few miles of each other and attempted an armed robbery, the trial judge erred in consolidating the charges for one trial where the crimes did not arise out of a single chain of circumstances and they required different evidence), *cert. denied*, 488 U.S. 872, 109 S.Ct. 189, 102 L.Ed.2d 158 (1988); *State v. Tate*, 286 S.C. 462, 334 S.E.2d 289 (Ct.App.1985) (holding joint trial on identical but unrelated forgeries violated defendant's right to a fair trial).

■ Distinct offenses may be charged in separate counts of one indictment. *State v. Whitener*, 228 S.C. 244, 89 S.E.2d 701, *cert. denied*, 350 U.S. 861, 76 S.Ct. 101, 100 L.Ed. 764 (1955); *State v. Deal*, 319 S.C. 49, 459 S.E.2d 93 (Ct.App.1995).

■ Appellants' argument that consolidation was improper in this case because the allegations concerned two different victims and required different proof is clearly without merit. Contrary to Appellants' assertions, the offenses charged were of the same general nature involving allegations of a pattern of sexual abuse involving the two minor victims. Evidence was presented at trial that both victims had been taken to the same location and were present in the same motel room on an occasion of abuse. Further, there has been no showing of prejudice resulting from the trial judge's decision. *State v.*

*Smith, supra.* Accordingly, we hold there was no error in the judge's consolidation of the indictments.

## 2. MISTRIAL MOTION BASED ON SPECTATORS' EMOTIONS.

Prior to beginning cross-examination of victim Sarah Doe, counsel for Appellant Harvey Jones expressed concern about audible crying by Doe's family during her testimony and its effect on the jury. Counsel moved for a mistrial, which was joined by counsel for Appellant Melissa Jones. The trial judge denied the motion, stating he did not believe that any displays of emotion so far would have tainted the jury. However, he stated he believed it would be appropriate to clear the courtroom of everyone except the press and Doe's father during the rest of her testimony.

While the jury was out, the trial judge strongly warned those present in the courtroom that although some display of emotion was natural, he could not allow it to affect the jury. He then ordered the courtroom cleared. Upon the jury's return and at the request of counsel for Appellant Harvey Jones, the trial judge informed the jury that the courtroom had been cleared due to the display of emotion by observers. The judge cautioned the jurors that they were not to draw any inferences from this fact as neither side had done anything improper. The judge reminded the jurors that they were to base their verdict on the testimony and evidence presented at trial, not on emotion. Defense counsel did not object to the sufficiency of the trial judge's curative instruction. Appellants now contend the trial judge's denial of their mistrial motion was reversible error. We disagree.

■ We initially note that this issue is not preserved for review since Appellants did not object to the adequacy of the trial judge's curative instruction. *See State v. Craig,* 267 S.C. 262, 227 S.E.2d 306 (1976) (a curative instruction is usually deemed to cure an alleged error; no issue is preserved for appellate review if the objecting party accepts the judge's ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge).

 Further, the granting of a mistrial is within the discretion of the trial judge, whose decision will not be overturned on appeal absent an abuse of discretion:

In *State v. Bilton*, 156 S.C. 324, 153 S.E. 269 (1930) this Court cited and approved the following general authority:

The American cases hold generally that there must be a manifest necessity for the discharge of the jury and leave the Courts to determine in their discretion whether under all the circumstances of each case such necessity exists. When such necessity exists, a plea of former jeopardy will not prevail on a subsequent trial. But if the jury are discharged without defendant's consent for a reason legally insufficient and without an absolute necessity for it, the discharge is equivalent to an acquittal and may be pleaded as a bar to a subsequent indictment. See also *State v. Ravencraft*, 222 S.C. 139, 71 S.E.2d 798 (1952).

Our ruling must hinge on the question of whether there was a manifest necessity for declaring the mistrial. *The power of the court to declare a mistrial ought to be used with the greatest caution and for plain and obvious causes stated into the record by the judge.* The judge is allowed a discretion, which is, of course, subject to review by this Court.

The less than lucid test is therefore declared to be *whether the mistrial was dictated by manifest necessity or the ends of public justice,* the latter being defined as the public's interest in a fair trial designated to end in just judgment. *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949).

*State v. Prince,* 279 S.C. 30, 32–33, 301 S.E.2d 471, 472 (1983) (emphasis added). *See also State v. Kirby,* 269 S.C. 25, 236 S.E.2d 33 (1977) (the trial judge is best situated to decide if there are compelling reasons for declaring a mistrial).

 Moreover, we note a trial judge has the inherent authority to maintain order in the courtroom and the exercise of this duty will not be overturned on appeal absent an abuse of discretion. As our Supreme Court stated in *State v.*

*Stewart,* 278 S.C. 296, 295 S.E.2d 627, *cert. denied,* 459 U.S. 828, 103 S.Ct. 64, 74 L.Ed.2d 65 (1982):

> The right to a fair trial by an impartial jury in a criminal prosecution is guaranteed by the Sixth Amendment to the U.S. Constitution and by Article I, § 14, of the S.C. Constitution. While this right does not require a "perfect" trial, the very heart of a "fair trial" embodies a disciplined courtroom wherein an accused's fate is determined solely through the exercise of calm and informed judgment.
>
> Ideal conditions, it is true, are not to be expected, and verdicts should not be set aside by an appellate court for misconduct in a trial, unless the evidence is clear and convincing that extraneous influences so interfered with the conduct of the trial, or so pressed upon the jury, as to become factors in the result. *State v. Weldon,* 91 S.C. 29, 74 S.E. 43 (1912).
>
> It is the duty of the trial judge to see that the integrity of his court is not obstructed by any person or persons whatsoever. *Shearer v. DeShon,* 240 S.C. 472, 126 S.E.2d 514 (1962); 75 Am.Jur.2d *Trial* § 40 (1974). His exercise of this duty will not be disturbed absent an abuse of discretion.

*Id.* at 303–04, 295 S.E.2d at 630–31.

■ We find the trial judge in the case *sub judice* properly exercised his discretion by removing the courtroom spectators and issuing a curative instruction to the jury to base its verdict solely on the testimony and evidence presented at trial. Accordingly, we hold the trial judge did not err in denying Appellants' motion for a mistrial.

## 3. *BRADY* VIOLATION.

Appellants next allege the trial judge should have granted a mistrial due to the State's failure to disclose impeachment evidence in accordance with *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We disagree.

After his recross-examination of Sarah Doe, counsel for Appellant Harvey Jones moved for a mistrial based upon the State's alleged *Brady* violation. Counsel asserted the defense was surprised by Doe's testimony during direct examination that on one of the alleged occasions of abuse, Appellants had sex on the bed with Doe when they were at a Days Inn motel.

Counsel stated this specific allegation was not made in Doe's previous description of the incident, in which she had asserted Harvey Jones had only taken pictures of her at the motel. Counsel argued he could have used this information to impeach Doe's prior statement. He noted that on cross-examination, Doe admitted she had given this new information to the solicitor the week before trial, and argued the State should have promptly conveyed this information to the defense. Counsel for Appellant Melissa Jones added that the solicitor had "blindsided" the defense with this information.

The solicitor conceded she did not provide Doe's new statement to the defense, explaining she had not intended to ask a question designed to elicit this information at trial, and further, she had not done so; the solicitor also argued the defense could show no prejudice. The trial judge denied the mistrial motion, stating he agreed with the solicitor that the defense could show no prejudice because counsel was able to impeach Doe by asking her whether she had ever given that information to anyone prior to trial. The judge noted defense counsel could also use this information during closing arguments.

In *Brady v. Maryland, supra,* the United States Supreme Court declared the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; *State v. Nance,* 320 S.C. 501, 466 S.E.2d 349, *cert. denied,* —— U.S. ——, 116 S.Ct. 2566, 135 L.Ed.2d 1083 (1996). Evidence which may be used to impeach a witness's credibility is favorable to an accused and should be disclosed. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *State v. Hinson,* 293 S.C. 406, 361 S.E.2d 120 (1987).

As our South Carolina Supreme Court has articulated in *State v. Bryant,* 307 S.C. 458, 415 S.E.2d 806 (1992):

> *Brady* requires that the State disclose evidence in its possession favorable to the accused and material to guilt or punishment. *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). *This rule applies to impeachment evidence as well as exculpatory evidence.*

*United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). *"[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.* A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3383, 87 L.Ed.2d at 494.

*Id.* at 461, 415 S.E.2d at 808 (emphasis added). *See also State v. Von Dohlen,* 322 S.C. 234, 241, 471 S.E.2d 689, 693 (1996) ("Impeachment or exculpatory evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.").

This court reviewed the requirements of *Brady* in *State v. Freeman,* 319 S.C. 110, 459 S.E.2d 867 (Ct.App.1995), in which we stated:

> Pursuant to *Brady,* the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. Reversal of a conviction, however, is required only if the undisclosed evidence is material and the omission deprived the defendant of a fair trial.

*Id.* at 119, 459 S.E.2d at 872–73 (citations omitted).

The United States Supreme Court pronounced the standard for determining materiality in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976):

> The proper standard of materiality must reflect our overriding concern with the justice of the finding of guilt. Such a finding is permissible only if supported by evidence establishing guilt beyond a reasonable doubt. It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt, whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of

questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.

*Id.* at 112–13, 96 S.Ct. at 2401–02, 49 L.Ed.2d at 354–55. See also *State v. Gathers*, 295 S.C. 476, 369 S.E.2d 140 (1988), *aff'd*, 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989), in which the South Carolina Supreme Court further explicates the issue of materiality:

> In determining the materiality of nondisclosed evidence, this Court will consider it in the context of the entire record. *State v. Osborn[e]*, 291 S.C. 265, 353 S.E.2d 276 (1987). The State's failure to disclose information warrants a reversal as a *Brady* violation only if the omission deprived the defendant of a fair trial. *Id.; State v. Thompson*, 276 S.C. 616, 281 S.E.2d 216 (1981); *see also U.S. v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

*Id.* at 481–82, 369 S.E.2d at 143. In *Gathers*, the Court held defense counsel was able to effectively cross-examine an expert witness about a statement made by the witness that allegedly was not disclosed in violation of *Brady*; the Court held the defendant was unable to show prejudice resulting from the alleged nondisclosure.

In *State v. Lunsford*, 318 S.C. 241, 456 S.E.2d 918 (Ct.App. 1995), we considered Lunsford's argument that the trial judge committed reversible error in denying his motion for a mistrial because the solicitor, who maintained an "open-file" policy, failed before trial to deliver to Lunsford (1) a "proffer" the investigating officer prepared following discussions with a prosecution witness, and (2) a five-page statement the witness gave to police. We stated:

> The trial judge, notwithstanding the solicitor's open file policy, committed no reversible error when he refused to declare a mistrial on account of the solicitor's failure prior to trial to provide defense counsel with the proffer and statement, evidence that fell, because it was impeachment evidence, within the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Defense counsel had access to the questioned material before he resumed his cross-examination of [the investigating officer] and he elected to proceed with [the officer's] cross-

examination without taking advantage of the trial judge's offer to provide him with "as much time as" he thought he needed to review the previously undisclosed evidence and to prepare for cross-examination of the witness in light of this new evidence.

*Id.* at 243, 456 S.E.2d at 920.

■ In the case at bar, we agree with the trial judge's finding that Appellants have demonstrated no prejudice resulting from the State's failure to reveal Doe's new statement. Counsel was in fact able to impeach Doe about the new allegation by introducing her prior statement into evidence and asking her about the discrepancy. Accordingly, the trial judge did not abuse his discretion in denying the motion for a mistrial. *See State v. Wasson,* 299 S.C. 508, 386 S.E.2d 255 (1989) (the granting or refusing of a motion for a mistrial lies within the sound discretion of the trial judge, whose ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law).

### 4. TESTIMONY OF EXPERT WITNESS.

The final error urged on appeal concerns the testimony of State's witness Mary Schults, who was qualified as an expert on the effects of sexual abuse. During direct examination, Schults stated that in her opinion, the victim Sarah Doe was suffering from rape trauma syndrome or post-traumatic stress disorder. She then stated Doe had been referred to a child and adolescent psychiatrist, who had confirmed that finding. The trial judge sustained an objection by counsel for Appellant Harvey Jones, and at counsel's request, Schults's testimony concerning the confirmation of her opinion by another expert was stricken.

During recross-examination by counsel for Appellant Melissa Jones, counsel asked Schults whether her results were based on not only her own findings, but also the opinions of other persons who are *not* experts. Schults responded, "I referred [Sarah Doe] to Dr. Charles Brewer, who is a child and adolescent psychiatrist, board certified. And there was confirmation." Counsel for Appellant Harvey Jones objected. The trial judge sustained the objection, telling Schults she apparently had misunderstood the question and thought coun-

sel was asking about the opinions of other experts instead of those who were not experts. The judge instructed the jury to disregard Schults's remark about the opinion of someone who was not present, and he struck the statement as nonresponsive. Defense counsel for both Appellants subsequently moved for a mistrial based on the remark, arguing Schults had previously been warned not to repeat the opinion of other experts, and that a curative instruction could not correct the error. The judge denied the motion, but stated he would give the jury "some rather strong instruction" that they were not to consider the objectionable testimony.

When the jury returned, the trial judge gave the following additional instruction:

> I do need to take up, again, one matter with you . . . And that is that during the [testimony of the] last witness of the State's case, she may have misunderstood a question that was asked her at the end. And it was a question regarding relying on the opinions of other people that were not experts.
>
> Again, she may have misunderstood and thought the question was about experts. And she referred back to the testimony of another expert. And I would charge you that you must disregard that testimony.
>
> The only testimony which is appropriate is her testimony and her opinion based on her findings and her interviews and discussions. So you cannot consider the opinion, obviously, of someone who did not even come into the courtroom and testify. And you must disregard that and not even think about that anymore.

Appellants now contend the judge erred in denying their motion for a mistrial. We disagree.

■ An instruction to disregard incompetent evidence usually is deemed to have cured an error in its admission. A mistrial should not be ordered in every case where incompetent evidence is received and later stricken out. *State v. Dawkins*, 297 S.C. 386, 377 S.E.2d 298 (1989). In *State v. Smith*, 290 S.C. 393, 350 S.E.2d 923 (1986), the Court addressed what constitutes a sufficient curative instruction:

> Great care should be exercised in the "delicate, difficult, and important matter" of instructing the jury to disregard in-

competent evidence. 75 Am.Jur.2d, *Trial,* Section 748. The jury should be specifically instructed to disregard the evidence, and not to consider it for any purpose during deliberations. A mere general remark excluding the evidence does not cure the error. *Id.*

*Id.* at 395, 350 S.E.2d at 924.

The trial judge was in the best position to ascertain the potential effect of the offending testimony. *State v. Kirby, supra.* In his estimation, the witness may have misunderstood the question, and the judge determined there was no resulting prejudice which would require cessation of the proceedings by declaration of a mistrial. The judge informed the jury of the witness's possible misunderstanding and specifically informed them why the testimony she gave concerning another expert was not properly available for their consideration. We conclude the trial judge's striking of the objectionable testimony and his strong curative instruction to the jury fully remedied any error in this case. *State v. Howard,* 296 S.C. 481, 374 S.E.2d 284 (1988) (Supreme Court favors the exercise of the wide discretion of the circuit judge in determining the merits of a motion for mistrial in each individual case); *State v. Morris,* 307 S.C. 480, 415 S.E.2d 819 (Ct.App.1991) (if the court sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured). Accordingly, the appeal is

**AFFIRMED.**

CURETON and GOOLSBY, JJ., concur.