THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 John Daniel
 Springer, Appellant.
 
 
 

Appeal From Darlington County
 J. Michael Baxley, Circuit Court Judge
Unpublished Opinion No. 2008-UP-069
Heard January 8, 2008  Filed January 23,
 2008    
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor
 Jay Hodge, Fourth Circuit Solicitors Office, of Cheraw, for Respondent.
 
 
 

PER CURIAM: John Daniel Springer (Springer) appeals his conviction
 and sentence for two counts each of first-degree criminal sexual assault with a
 minor, committing a lewd act on a minor, and contributing to the delinquency of
 a minor.  Springer alleges the trial court erred in improperly joining and
 refusing to sever cases involving separate alleged incidents and different
 victims.  We affirm.  
FACTS
In
 February 2002, Officer Dennis Carter took an incident report identifying
 alleged sexual assaults by Springer on his daughter (Jane Doe) and niece (Jane
 Roe).[1] 
 Based on the evidence gathered through the subsequent investigation, Springer
 was arrested and charged with various criminal acts against the victims. 
 
Prior
 to trial, Springer filed a motion to sever the trials involving the alleged
 crimes against the victims.  At a pre-trial hearing, Springer argued the cases
 did not contain sufficient similarities to warrant consolidation.  The trial
 court denied Springers motion to sever.  The trial court found the cases
 involving the victims were very similar, including similarities in the
 nature, location, and execution of the alleged acts.  In addition, the trial court
 acknowledged each victim would be a witness in the others case.  Based on this
 reasoning, the trial court held the cases should be consolidated.  
For
 acts committed against Jane Doe and Jane Roe, the jury found Springer guilty of
 two counts each of first-degree criminal sexual assault with a minor,
 committing a lewd act on a minor, and contributing to the delinquency of a
 minor.  The trial court sentenced Springer to thirty years imprisonment for
 each of the charges of first degree criminal sexual assault with a minor,
 fifteen years for each of the charges of committing a lewd act on a minor, and
 three years for each of the charges of contributing to the delinquency of a
 minor, all to run concurrently.  
Pursuant
 to Anders v. California, 386 U.S. 738 (1967), counsel for Springer
 attached to the final brief a petition to be relieved as counsel, stating she
 reviewed the record and concluded the appeal was without legal merit sufficient
 to warrant a new trial.  After a thorough review of the record, we ordered the
 parties to brief whether the circuit court improperly consolidated the
 charges.    
STANDARD OF REVIEW
The
 trial court has broad discretion when determining whether to consolidate
 charges for trial.  State v. Grace, 350 S.C. 19, 23, 564 S.E.2d 331, 333
 (Ct. App. 2002).  The trial courts decision will be reversed if an abuse of
 discretion has occurred.  Id.    
LAW/ANALYSIS
The
 trial judge has the power, in his discretion, to order offenses charged in
 separate indictments to be tried together when the offenses are of the same
 general nature involving connected transactions closely related in kind, place,
 and character, and the defendants substantive rights would not be prejudiced.  State
 v. Simmons, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002).  
 
Offenses
 are considered to be of the same general nature where they are
 interconnected.  Id.  Conversely, offenses which are of the same
 nature, but which do not arise out of a single chain of circumstances and are
 not provable by the same evidence may not properly be tried together.  State v. Jones,
 325 S.C. 310, 315, 479 S.E.2d 517, 519 (Ct. App. 1996).  
Accordingly,
 the Supreme Court of South Carolina has held, Charges can be joined in the
 same indictment and tried together where they (1) arise out of a single chain
 of circumstances, (2) are proved by the same evidence, (3) are of the same
 general nature, and (4) no real right of the defendant has been prejudiced.  State
 v. Harris, 351 S.C. 643, 652, 572 S.E.2d 267, 272 (2002).  The court may
 consolidate trials involving multiple defendants, multiple victims, or both.  See Jones, 325 S.C. at 313-16, 479 S.E.2d at 518-20 (holding consolidation
 of cases against two adults involving the sexual abuse of two minor victims was
 proper).  
In
 the present case, the charges arise out of a single chain of circumstances.  Jane
 Doe and Jane Roe, both young females, were assaulted in Springers home.  The
 young victims were assaulted at night.  The girls were assaulted at times when
 others were present in the house. The victims are related to Springer.  Additionally,
 the acts committed against the victims were of the same general nature,
 including vaginal fondling and performing cunnilingus.  
The charges
 are proved by the same evidence.  For example, Jane Doe and Jane Roe would
 argue about which side of the bed each would sleep.  The bed in which the
 victims slept was a bunk bed.  The bed was positioned such that it was placed against
 the wall of the bedroom.  Consequently, one side of the bed was up against the
 wall, while the other side was open to the bedroom.  The victims would sleep
 together in the bottom part of the bunk bed.  Jane Roe testified that she and
 Jane Doe would argue as to which one would sleep on the side of the bed facing
 the wall.  The desire of each victim to sleep on the inside of the bed was fueled
 by their wish to escape the possibility of sexual abuse during the night by
 Springer. 
Moreover,
 Jane Doe testified to an occurrence during which Springer entered the bedroom and
 sexually abused Jane Roe.  Jane Doe testified that during the night, Springer entered
 the bedroom when the victims were asleep.  Jane Doe stated, I thought it was
 just a dream but it wasnt because in the morning, I woke up and [Jane Roe] was
 acting all weird.  Jane Roe, in describing this occasion, testified that
 [Springer] came in and I was [a]sleep on the outside [of the bed] because
 [Jane Doe] was sleeping on the inside.  [Springer] just touched my private. 
 When asked whether she informed anyone, Jane Roe responded, I remember I told
 [Jane Doe], but she told me it happened to her, but she never said what
 happened to her.  The foregoing demonstrates that Jane Doe and Jane Roe were
 necessary witnesses to corroborate the circumstances of sexual abuse that
 occurred to each other.  
The
 final factor to consider in determining whether consolidation is warranted is
 if any real right of the defendant has been prejudiced.  Springer argues consolidation
 prevented him from calling his wife (Wife) as a material witness for charges
 relating to Jane Roe.  Wife was charged with unlawful neglect involving Jane
 Doe.  During trial, Wife was called as a witness.  However, Wife refused to
 testify on the grounds of her Fifth Amendment right to remain silent.  Springer
 contends consolidation prevented him from calling Wife as a witness for charges
 involving Jane Roe because Wife was charged with unlawful neglect involving
 only Jane Doe.  
Even
 if Springer was tried separately, and Wife testified as a witness for charges
 relating to Jane Roe, there is sufficient evidence to conclude the trial judge
 did not abuse his discretion in consolidating the charges.  In addition to Jane
 Does and Jane Roes testimony described above, Jane Roe gave additional testimony
 which described in graphic detail Springers acts.

 Q: Was there ever a time when something
 happened that made you feel uncomfortable?
 A: Yes, maam.
 Q: Can you tell us what you remember about
 that?
 A: Yes, maam.  [Springer] would touch and
 lick my private.
 . . . 
 Q: And has that happened one time or more
 than one time?
 A: More than once.
 . . . 
 Q: I want to ask you about one of the
 first times you remember something happening, and can you kind of just describe
 where you were when it first started?
 A: I dont remember where, but I remember
 what happened. 
 Q: Okay. Can you tell us about that? 
 A: [Springer] would just touch my private.
 Q: About how old were you when this first
 started to happen?
 A: Eight or nine.
 . . . 
 Q: Would these things normally happen in
 the daytime or nighttime? 
 A: Nighttime.
 Q: What do you remember about that?
 A: Id be sleep, [sic] and [Springer
 would] just wake me up.
 Q: How would you wake up?
 A: With him touching me. 
 Q: And would that be on top or underneath
 your clothes? 
 A: Underneath.
 Q: Can you tell us what part or parts of
 your body?
 A: My private. 
 . . . 
 Q: And did he touch your private part one
 time or more than one time? 
 A: More than one time. 
 Q: Okay. I need to ask you if you can
 describe what kind of touching that was. 
 A: He just rubbed my private.
 Q: Okay. Can you tell us what you mean by
 rubbing on your private. What part of your private? 
 A: It was the outside. 
 Q: Okay.  You said before that something
 else had happened to your private? 
 A: Yes, maam.
 Q: Okay. Can you tell us what that was? 
 A: He would lick inside my private. 

 Additionally,
 our decision to affirm the trial court is supported by case law.  In Jones,
 two appellants were indicted on numerous charges arising out of their sexual
 abuse of two minors.  Id. at 313-14, 479 S.E.2d at 518-19.  The abuse of
 the minors occurred in December 1991, January 1992, and September 1992.  Id.  The trial court consolidated the charges against each appellant into one of two
 indictments, and they were tried jointly on each charge.  Id.  Consequently,
 the appellants were each convicted of three counts of first-degree criminal
 sexual conduct, two counts of second-degree criminal sexual conduct, five
 counts of criminal conspiracy, and one count of contributing to the delinquency
 of a minor.  Id.
On
 appeal, one of the issues presented was whether the trial court improperly
 consolidated the case.  Id. at 314-15, 479 S.E.2d at 519-20.  This Court,
 in affirming the trial court, held the charged offenses were of the same
 general nature involving allegations of a pattern of sexual abuse involving the
 two minor victims.  Id.  We also noted the evidence presented showed
 both victims had been taken to the same locations and were present in the same
 motel room on an occasion of abuse.  Id.  
As
 explained above, the record indicates similarities exist in the assaults
 against the victims.  Jane Doe and Jane Roe were assaulted in Springers home. 
 Both were assaulted in the nighttime. Both were assaulted at times when others
 were present in the house, and some of the acts committed against the victims
 were similar in nature, including vaginal fondling and performing cunnilingus.  See State
 v. Grace, 350 S.C. 19, 24, 564 S.E.2d 331, 333 (Ct. App. 2002)
 (affirming consolidation when crimes were interconnected, [a]ll incidents concerned the same parties, incidents took
 place in the same location, incidents occurred within a relatively short time
 period, and the evidence showed a pattern of sexual abuse and was essentially the
 same for all charges).  Based on the foregoing, we conclude the trial court
 did not abuse its discretion in consolidating the charges.                                       
CONCLUSION
Accordingly,
 the circuit courts decision is 
AFFIRMED.
HUFF,
 WILLIAMS, JJ., and CURETON, A.J., concur.

[1] The actual names of the victims have been changed.