THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Steve Alvin
 Sisk, Petitioner,
 v.
 State of South Carolina, Respondent
 
 
 

ON WRIT OF CERTIORARI

Appeal From Fairfield County
Kenneth G. Goode, Circuit Court Judge
 John C. Hayes, III, Post-Conviction
 Relief Judge

Unpublished Opinion No. 2008-UP-280
 Submitted April 1, 2008  Filed June 2,
 2008    

AFFIRMED

 
 
 
 Appellate Defender Lanelle C. Durant, of Columbia, for Petitioner.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General
 John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General S. Prentiss Counts, all of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 Petitioner seeks a writ of certiorari from the denial of his application for
 post-conviction relief (PCR).
 Because
 there is sufficient evidence to support the PCR judges finding that petitioner
 did not knowingly and intelligently waive his right to a direct appeal, we
 grant the petition for a writ of certiorari and proceed with a review of the
 direct appeal issue pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d
 60 (1986).
Petitioner argues the trial judge erred in denying his motion for
 a mistrial.  We affirm[1] pursuant to Rule 220(b)(2), SCACR, and the following authorities:  State v. Council, 335 S.C. 1, 13, 515 S.E.2d 508, 514 (1999) (holding movant
 must show not only error, but resulting prejudice in order to justify a
 mistrial); State v. Johnson, 334 S.C. 78, 89, 512 S.E.2d 795, 801 (1999)
 (A mistrial should not be ordered in every case where incompetent evidence is
 received.); State v. Patterson, 337 S.C. 215, 227, 522 S.E.2d 845,
 851 (Ct. App. 1999) (stating the granting of the motion for a mistrial is an
 extreme measure that should be taken only where an incident is so grievous that
 prejudicial effect can be removed in no other way); State v. Jones, 325 S.C. 310, 323, 479 S.E.2d 517, 524 (Ct. App. 1996) (holding a curative
 instruction is generally deemed to have cured any alleged error). 
AFFIRMED.   
HUFF,
 KITTREDGE, and WILLIAMS, JJ., concur.

[1]  Because oral argument would not aid the court in
 resolving the issues on appeal, we decide this case without oral argument
pursuant to Rule 215, SCACR.