**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Eron Tascoe, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2009-148786

Appeal From Dorchester County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2013-UP-107
Submitted February 1, 2013 – Filed March 13, 2013

**AFFIRMED**

Appellate Defender Kathrine H. Hudgins, of Columbia,
for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Salley W. Elliott, and Assistant
Attorney General Mary S. Williams, all of Columbia; and
Solicitor David Pascoe, of Summerville, for Respondent.

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).

Because there is sufficient evidence to support the PCR judge's finding that petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on petitioner's Question One and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Gathers*, 295 S.C. 476, 481, 369 S.E.2d 140, 143 (1988) ("In determining the materiality of nondisclosed evidence, this [c]ourt will consider it in the context of the entire record."); *id.* ("The State's failure to disclose information warrants a reversal as a *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] violation only if the omission deprived the defendant of a fair trial."); *State v. Jones*, 325 S.C. 310, 320, 479 S.E.2d 517, 522 (Ct. App. 1996) ("[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." (citation and internal quotation marks omitted)); *State v. Garris*, 394 S.C. 336, 345, 714 S.E.2d 888, 893 (Ct. App. 2011) ("[T]his court will intervene and grant a new trial only in cases when an abuse of discretion results in prejudice to the defendant."); *Jones*, 325 S.C. at 322, 479 S.E.2d at 523 (holding no prejudice existed when the defendant was able to impeach a victim using a statement the State failed to disclose); *Gathers*, 295 S.C. at 481-82, 369 S.E.2d at 143 (holding no prejudice existed when the defendant was able to cross-examine an expert witness effectively about her undisclosed statement).

As to Question Two, after careful consideration, we deny the petition.

**AFFIRMED.**[1]

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.