Chief Justice, PLEICONES.
I respectfully dissent. I would reverse the Court of Appeals’ decision to affirm the denial of Petitioner’s motion to sever his charges and remand for further proceedings.
“Charges can be joined in the same indictment and tried together where they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced.” State v. Tucker, 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996); State v. Smith, 322 S.C. 107, 109, 470 S.E.2d 364, 365 (1996)(“Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial judge has the power, in his discretion, to order the indictments tried together if the defendant’s substantive rights would not be prejudiced.”). In order for charges to be *640 combined in the same indictment and tried together, all four elements must be met. Tucker, 324 S.C. at 164, 478 S.E.2d at 265. As explained below, it is my view that the charges did not arise out of a single chain of circumstances and are not provable by the same evidence, and therefore, the Court of Appeals erred in affirming the denial of Petitioner’s motion for severance. State v. Cutro, 365 S.C. 366, 618 S.E.2d 890 (2005)(Pleicones, J., dissenting).
Petitioner was tried for one charge of criminal sexual conduct — first (CSC) of his stepson and one charge of lewd act on a minor, his stepdaughter. Petitioner moved to sever the charges, but his motion was denied by the trial court. The Court of Appeals affirmed, finding Petitioner “embarked upon a series of actions aimed at the sexual abuse of his two prepubescent stepchildren over the course of an eight month period.” The Court of Appeals found the facts that supported trying the charges in the same trial where: each alleged incident of abuse occurred in the family home; both victims are prepubescent siblings[3]; the alleged abuse began in a similar manner by petitioner placing his hand on the unclothed genitalia of the victims; the news playing on the television during both alleged incidents of abuse; and the alleged incidents occurred during an eight month period.
As explained in Tucker, charges can be joined in the same indictment only when all four elements warranting a combined trial are present. Id. In my view, the charges do not arise out of a single chain of circumstances because there is no nexus between the crimes. Compare State v. Middleton, 288 S.C. 21, 339 S.E.2d 692 (1986) (reversing the consolidation of charges of murder of one victim on June 9th, murder of a second victim in a similar manner on June 10th, and an attempted robbery on June 11th because the crimes did not arise out of a single chain of circumstances); with Tucker, 324 S.C. 155, 478 S.E.2d 260 (holding consolidation of murder, kidnapping, armed robbery, possession of a weapon during a crime, burglary, and larceny charges was proper because the crimes arose during a single chain of circumstances when the burglaries were committed to avoid capture for the crimes *641 related to the murder). In my opinion, the trial court and the Court of Appeals applied an exceedingly broad view of the single chain of circumstances factor. While I recognize that similarities exist, such as the alleged abuse occurred in the same home and the victims are siblings, the alleged lewd act on the stepdaughter of touching her genitals while she was sleeping has no nexus to and does not arise out of the same chain of circumstances as the alleged anal penetration of stepson while watching television.
Additionally, the Court of Appeals erred by summarily concluding that each charge is provable by the same evidence without an analysis of the evidence advanced at trial. Although some testimony would be necessary to prove each charge, such as the testimony of the victims’ mother, in my view the evidence necessary to prove each charge is different. For example, the State played a forensic interview of stepson and presented testimony of the doctor that examined stepson as evidence of the CSC charge, and this evidence is not relevant to the alleged lewd act on stepdaughter.
Because all four elements required to join charges in the same trial are not present, it is my opinion that the Court of Appeals erred in affirming the denial of Petitioner’s motion to sever. Accordingly, I would find the trial judge abused his discretion in denying the motion to sever the charges, reverse the opinion of the Court of Appeals, and remand for further proceedings.
BEATTY, J., concurs.

. Stepdaughter was twelve years old and stepson was eight years old at the time of the alleged abuse.