**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Arthur J. Graveline, Respondent,

v.

Brenda Gorski, Appellant.

Appellate Case No. 2021-000112

———————

Appeal From Horry County
Melissa J. Buckhannon, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-367
Submitted October 1, 2023 – Filed November 15, 2023

———————

**AFFIRMED**

———————

Brenda Gorski, of Pawleys Island, pro se.

Thomas Jarrett Bouchette and Marissa Noelle Drost, both
of The Floyd Law Firm PC, of Surfside Beach, for
Respondent.

———————

**PER CURIAM:** Brenda Gorski, pro se, appeals the family court's order finding
her in contempt. Gorski argues the family court (1) abused its discretion by
denying her motion for a continuance, (2) abused its discretion throughout the
contempt hearing and in sentencing her to incarceration during the COVID-19

pandemic, and (3) acted prejudicially against her during the contempt hearing. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue One, we find the family court did not abuse its discretion in denying Gorski's motion for a continuance. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Sellers v. Nicholls*, 432 S.C. 101, 113, 851 S.E.2d 54, 60 (Ct. App. 2020) ("A motion for a continuance is a procedural matter involving the progress of a case."); *id.* at 114, 851 S.E.2d at 60-61 ("[An appellate court] will not set aside a judge's ruling on a motion for a continuance unless it clearly appears there was an abuse of discretion *to the prejudice of the movant.*" (emphasis in original) (quoting *Townsend v. Townsend*, 323 S.C. 309, 313, 474 S.E.2d 424, 427 (1996))); *State v. Lytchfield*, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957) ("[R]eversals of refusal of continuance are about as rare as the proverbial hens' teeth."). First, although Gorski alleged in her rule to show cause that Graveline violated the tax provision of the family court's final order, which pertained to the parties' 2017 taxes, this did not amount to "good and sufficient cause" for the family court to grant the continuance. *See* Rule 2(a), SCRFC ("[T]he South Carolina Rules of Civil Procedure (SCRCP) shall be applicable in domestic relations actions to the extent permitted by Rule 81, SCRCP."); Rule 40(i)(1), SCRCP ("If good and sufficient cause for continuance is shown, the continuance may be granted by the court."). At the time Gorski filed her continuance motion, she had not yet filed her rule to show cause, and the family court did not issue a rule to show cause against Graveline until the day before the contempt hearing. Although the family court considered the issue of the amount Graveline owed Gorski under the tax provision at the contempt hearing, it sustained Graveline's objections to testimony concerning his alleged violations under this provision. Furthermore, Gorski failed to show she was prejudiced by the family court's denial of her continuance motion when the court considered Graveline's credit related to the parties' 2017 taxes in reducing the total amount she owed to Graveline. Second, as to Gorski's allegations in her rule to show cause concerning Graveline's withholding of marital property, the family court did not consider any evidence related to these allegations at the contempt hearing and this evidence was not relevant to the allegations raised in Graveline's rule to show cause. Lastly, as to Gorski's allegations in her rule to show cause concerning alimony modification, the family court correctly found Gorski would have to seek an alimony modification in a separate action. *See* S.C. Code Ann. § 20-3-170(A) (2014) ("Whenever any husband or wife, pursuant to a judgment of divorce from the bonds of matrimony, has been required to make his or her spouse any periodic payments of alimony and the circumstances of the

parties or the financial ability of the spouse making the periodic payments shall have changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments . . . .").

2. As to Issue Two, we find this issue is abandoned on appeal because Gorski failed to present an argument or cite to any authority. *See State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."). Gorski's incorporation by reference of her arguments and supporting authority under Issue One fails to provide relevant support to her assertion set forth under Issue Two because the authority Gorski cites in support of her argument under Issue One only addresses continuances.

3. As to Issue Three, we find this issue is without merit. *See State v. Jones*, 325 S.C. 310, 317, 479 S.E.2d 517, 521 (Ct. App. 1996) (holding the circuit court "has the inherent authority to maintain order in the courtroom"). The record reflects that the family court merely cautioned Gorski to not speak over it so that the court reporter would be able to accurately transcribe the record and gave Gorski instruction when she failed to act pursuant to court rules and state law. *See* Rule 43(i), SCRCP ("Counsel shall not attempt to further argue any matter after he has been heard and the ruling of the court has been pronounced."). The family court gave Gorski the opportunity to raise objections, review Graveline's exhibits, and examine witnesses.

**AFFIRMED.**[1]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.