2476

The STATE, Respondent v. Milton Lewis McCASKILL, Appellant.

(468 S.E. (2d) 81)

Court of Appeals

*Assistant Appellate Defender Robert M. Dudek,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh,* and *Assistant Deputy Attorney General Salley W. Elliott,* Columbia; and *Solicitor Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard Feb. 8, 1996.

Decided Mar. 4, 1996.

GOOLSBY, Judge:

Milton Lewis McCaskill appeals his conviction for first-degree burglary. We affirm.

Viewed most favorably for the State, the evidence presented at trial proved the following. The burglary occurred between 3:15 and 4:30 p.m. on July 27, 1993, at the home of Teddy and Debbie McClain, in Cherokee County. The burglars took many items, including a loaded, .22-calibre rifle. Three people in a U-Haul truck were in the area about the time of the theft. At about 6:00 p.m., a sheriff's deputy in Cleveland County, North Carolina, which borders Cherokee County, stopped a U-Haul truck on Interstate-85 about five miles into North Carolina. McCaskill was a passenger in the truck. A police search of the U-Haul uncovered the items taken from the McClains' home, including the loaded rifle, in the U-Haul. Officers also found two loaded .357-calibre pistols.

McCaskill argues the trial court erred in failing to direct a verdict in his favor. While McCaskill concedes there was evidence from which the jury could have found he and others burglarized the McClains' home, taking weapons and other property, he argues there was no evidence any of the defendants was armed at the time of the break-in or "armed" himself during the burglary. We disagree.

In reviewing the refusal of a trial court to grant a directed verdict of acquittal, we view the evidence in the light most favorable to the State to determine whether there is any evidence, either direct or circumstantial, that reasonably tends to prove the guilt of the accused or from which the guilt may fairly and logically be deduced. *State v. Creech,* 314 S.C. 76, 441 S.E. (2d) 635 (App. 1994).

S.C. Code Ann. § 16-11-311(A) (Supp. 1994) provides, in pertinent part:

> A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime therein, and . . .
>
> (1) When, in effecting entry or while in the dwelling or in the immediate flight therefrom, he or another participant in the crime:
>
> (a) Is armed with a deadly weapon. . . .

The general rule is that one is "armed" for purposes of first-degree burglary if a firearm is easily accessible and readily available for use by that individual for offensive or defensive purposes. *People v. Adams*, 867 P. (2d) 54 (Colo. Ct. App. 1993); *State v. Chiariello*, 66 Wash. App. 241, 831 P. (2d) 1119 (1992). This is true even in the absence of evidence that the defendant intended to use the weapon in furtherance of the crime. *Wesolic v. State*, 837 P. (2d) 130 (Alaska Ct. App. 1992).

We therefore hold to be "armed" with a deadly weapon within the meaning of S.C. Code Ann. § 16-11-311(A)(1)(a), a person or "another participant in the crime" need only have physical control over a deadly weapon "in effecting entry or while in the dwelling or in the immediate flight therefrom" such that the weapon is readily available for the person to use. It matters not how the person acquired the deadly weapon or for what purpose the person took possession of the deadly weapon. *See State v. Romero*, 135 Ariz. 102, 659 P. (2d) 655 (App. 1982) (for purposes of a first-degree burglary statute, a person can become armed with a deadly weapon even if the weapon is one taken during the course of the burglary); *Meadows v. Commonwealth*, 551 S.W. (2d) 253 (Ky. Ct. App. 1977) (the accused, who broke into a temporarily unoccupied dwelling and stole a shotgun, was "armed" within the meaning of a statute providing a person is guilty of first-degree burglary when he enters a dwelling with intent to commit a crime and when "in effecting entry or while in the dwelling or in immediate flight therefrom, he . . . is armed with . . . a deadly weapon. . . ."); *State v. Merritt*, 247 N.J. Super. 425, 589 A. (2d) 648 (App. Div. 1991) (the defendant was "armed" for purposes of the first-degree burglary statute where the defendant and

other perpetrators entered a residence without a weapon but stole weapons during the burglary and handled the weapons as they were removed from the victim's residence, so that they were readily available for use if the perpetrators were interrupted while committing the offense); *State v. Faille*, 53 Wash. App. 111, 766 P. (2d) 478 (1988) (notwithstanding evidence that the guns were not loaded, that the burglar took no ammunition, did not know there was ammunition in the house, and did not intend to load the guns, the guns could still have been used to frighten, intimidate, or control people).

Here, it is undisputed McCaskill and his confederates entered the McClains' dwelling without consent and with intent to commit a crime therein. It is also undisputed while in the dwelling one of the burglars tool the loaded .22-calibre rifle and placed it in the U-Haul truck. The evidence, therefore, certainly supports the inference that, at some time during the course of the burglary, one of the burglars took possession and control over the loaded weapon. At that time, the weapon was just as available to the burglar for offensive or defensive use as if the burglar had himself brought the weapon to the burglary for the purpose of committing the crime.

Affirmed.

HOWELL, C.J., and HEARN, J., concur.