629 S.E.2d 393

**The STATE, Respondent,**

v.

**Russell W. RICE, Jr., Appellant.**

**No. 4107.**

Court of Appeals of South Carolina.

Heard April 6, 2006.

Decided April 24, 2006.

Assistant Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Derrick K. McFarland, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.

ANDERSON, J.:

Russell W. Rice, Jr. appeals his convictions and sentences for murder and trafficking in cocaine arguing the trial court erred in denying his motion to sever the charges. Rice contends he was prejudiced by having a single trial for both

charges because the murder occurred six to seven weeks before the cocaine trafficking. We affirm.

## *FACTUAL/PROCEDURAL BACKGROUND*

In September or October of 2002, upon leaving a restaurant in Greenville, Rice discovered his car, a 1994 Mercury Topaz, had been stolen from the parking lot. Rice suspected Homer Johnson, an acquaintance who sold drugs, stole the car. Drugs and money were inside the vehicle when it was stolen.

On November 4, 2002, despite Rice's suspicion that Johnson had stolen his car, Rice and Johnson entered into a drug deal. Johnson possessed twenty pounds of marijuana that he, Rice, and another person, Johnny Hamby, "cut up" into twenty individual bags. Johnson gave Rice ten pounds of marijuana and told him he owed $11,000. Although Rice was unhappy that he received only ten pounds of marijuana, he told Johnson he would pay him the money the next day.

The following day, Rice phoned Hamby. He asked Hamby to call Johnson and tell him that Rice would meet him at a Super 8 Motel. Hamby relayed the message to Johnson. Johnson was murdered at the motel.

During the course of the police investigation, Daniel Fuller, the investigator assigned to the case, attempted to contact Rice numerous times by telephone. On December 26, Investigator Fuller spoke with Rice, who informed Fuller he was leaving town and would not return until December 30. Fuller was skeptical of Rice and began looking for Rice in Greenville. Fuller observed Rice driving a 1994 Mercury Topaz—the car Rice claimed Johnson had stolen from him a few months earlier. Fuller found the car at a motel and discovered it was not insured or properly registered in South Carolina. Further, the forty-five day paper tag had expired. Fuller set up surveillance at the exits of the motel.

When Rice left the parking lot, Corporal Dave Dempsey followed Rice and pulled him over. Rice was unable to provide proof of insurance. Dempsey and Fuller asked Rice to exit the vehicle. They patted Rice down to see if he had a weapon. Dempsey found a pistol in Rice's front pocket and $2,500. They arrested Rice for the traffic violations. The officers conducted an inventory search before they removed

the car from the scene. A search of the trunk produced a large amount of cocaine, a scale, and a rifle cut into several pieces in a plastic bag. Rice was subsequently charged with murder and trafficking in cocaine.

Before trial, Rice moved to sever the murder and trafficking in cocaine charges. Rice argued the traffic stop occurred six to seven weeks after the murder and the only connection between the two was that a weapon was found with the cocaine. Therefore, Rice alleged, no nexus between the two charges existed. The State disagreed and claimed the reason for the stop was the murder. The State believed the rifle found in Rice's car was the murder weapon. The State contended the "drug transaction was at the root of the murder itself" and the two charges involved the same or similar evidence. The trial court denied the motion to sever the charges. A jury convicted Rice of both charges.

### *STANDARD OF REVIEW*

A motion for severance is addressed to the sound discretion of the trial court. *State v. Walker*, 366 S.C. 643, 623 S.E.2d 122 (Ct.App.2005); *State v. Simmons*, 352 S.C. 342, 573 S.E.2d 856 (Ct.App.2002). The trial court's ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Harris*, 351 S.C. 643, 572 S.E.2d 267 (2002); *State v. Tucker*, 324 S.C. 155, 478 S.E.2d 260 (1996); *Walker*, 366 S.C. at 656, 623 S.E.2d at 128; *see also State v. Grace*, 350 S.C. 19, 564 S.E.2d 331 (Ct.App.2002) (declaring circuit court has wide discretion when deciding whether to consolidate charges for trial and its decision will only be overturned when abuse of discretion has occurred). An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law. *Walker*, 366 S.C. at 656, 623 S.E.2d at 129.

### *LAW/ANALYSIS*

### SEVERANCE

Rice contends the trial court erred in refusing to sever the murder and trafficking in cocaine charges. Rice maintains the cocaine discovered in his car was unrelated to the murder

that occurred six to seven weeks earlier. Therefore, Rice avers any evidence of cocaine trafficking was prejudicial to Rice in the murder trial, warranting severance of the charges. We disagree.

The appellate court considers several factors when deciding whether the trial court's consolidation of charges was proper. Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial judge has the power, in his discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced. *State v. Cutro,* 365 S.C. 366, 618 S.E.2d 890 (2005); *State v. Smith,* 322 S.C. 107, 470 S.E.2d 364 (1996); *State v. Simmons,* 352 S.C. 342, 573 S.E.2d 856 (Ct.App.2002); *State v. Jones,* 325 S.C. 310, 479 S.E.2d 517 (Ct.App.1996); *see also State v. Sullivan,* 277 S.C. 35, 282 S.E.2d 838 (1981) (noting where offenses charged in separate indictments are of same general nature, involving connected transactions closely related in kind, place and character, trial judge has authority, in his discretion, to order indictments tried together over objection of defendant absent showing that defendant's substantive rights were violated); *McCrary v. State,* 249 S.C. 14, 36, 152 S.E.2d 235, 246 (1967) (stating "[t]he two offenses were of the same general nature, involving connected transactions closely related in time, place and character; and the trial judge had power, in his discretion, to order them tried together over objection by the defendant in the absence of a showing that the latter's substantive rights would have been thereby prejudiced."). Offenses are considered to be of the same general nature where they are interconnected. *State v. Grace,* 350 S.C. 19, 564 S.E.2d 331 (Ct.App.2002); *Jones,* 325 S.C. at 315, 479 S.E.2d at 519.

Conversely, offenses which are of the same nature, but which do not arise out of a single chain of circumstances and are not provable by the same evidence may not properly be tried together. *See Simmons,* 352 S.C. at 350, 573 S.E.2d at 860; *Jones,* 325 S.C. at 315, 479 S.E.2d at 519; *see also State v. Middleton,* 288 S.C. 21, 339 S.E.2d 692 (1986) (holding although prison escapee committed two murders within a few miles of each other and attempted an armed robbery, the trial

judge erred in consolidating the charges for one trial where the crimes did not arise out of a single chain of circumstances and they required different evidence); *State v. Tate,* 286 S.C. 462, 334 S.E.2d 289 (Ct.App.1985) (finding that joint trial on identical but unrelated forgeries violated defendant's right to a fair trial). *Cf. State v. Woomer,* 276 S.C. 258, 277 S.E.2d 696 (1981), *overruled on other grounds by State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991) (ruling that consolidation was proper even though crimes occurred over numerous days because conduct arose from a single uninterrupted crime spree); *Simmons,* 352 S.C. at 351, 573 S.E.2d at 861 (concluding defendant's separate burglary offenses were properly joined when both arose out of a single chain of events, were of the same nature, and proved by the same evidence).

Charges can be joined in the same indictment and tried together where they (1) arise out of a single chain of circumstances; (2) are proved by the same evidence; (3) are of the same general nature; and (4) no real right of the defendant has been prejudiced. *State v. Harris,* 351 S.C. 643, 572 S.E.2d 267 (2002); *State v. Tucker,* 324 S.C. 155, 478 S.E.2d 260 (1996); *see also Simmons,* 352 S.C. at 351, 573 S.E.2d at 861 ("Further, joinder of offenses in one trial is proper if the offenses (1) are of the same general nature or character and spring from the same series of transactions, (2) are committed by the same offender, and (3) require the same or similar proof.").

In the case *sub judice,* two separate indictments were issued against Rice. The first was for trafficking in cocaine, the second for murder. The cocaine trafficking charge arose out of a traffic stop the police set up because they suspected Rice of Johnson's murder. The police found the gun believed to be the murder weapon in the same search that produced the cocaine that forms the basis of the cocaine trafficking charge. The State surmised Rice's motive for murdering Johnson was in part to retrieve the cocaine and money Johnson stole from Rice's car. When the police arrested Rice at the traffic stop, he was found with large amounts of cocaine and money. Moreover, the testimony at trial revealed the relationship between Rice and Johnson was largely based on selling drugs. The State's theory as to the motive for Johnson's murder involved the drugs Johnson stole from Rice when

he stole Rice's car as well as the drug-related argument the two recently had involving the marijuana.

Additionally, Rice suffered no prejudice from the joinder of charges because, without the evidence of cocaine trafficking, the jury would not have received an accurate portrayal of the case. The cocaine trafficking evidence was necessary for a full presentation of the case without fragmentation. *See State v. Simmons,* 352 S.C. 342, 573 S.E.2d 856 (Ct.App.2002). In *State v. Adams,* 322 S.C. 114, 470 S.E.2d 366 (1996), our Supreme Court explained:

> One of the accepted bases for the admissibility of evidence of other crimes arises when such evidence furnishes part of the context of the crime or is necessary to a full presentation of the case, or is so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and its environment that its proof is appropriate in order to complete the story of the crime on trial by proving its immediate context or the res gestae or the uncharged offense is so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other ... [and is thus] part of the res gestae of the crime charged. And where evidence is admissible to provide this full presentation of the offense, [t]here is no reason to fragmentize the event under inquiry by suppressing parts of the res gestae.

*Id.* at 122, 470 S.E.2d at 370–71 (internal quotations omitted).

The information regarding the cocaine trafficking was relevant to show the complete, whole, unfragmented story regarding Johnson's murder. Therefore, Rice was not prejudiced by consolidating the two charges.

## *CONCLUSION*

We hold the trial court did not abuse its discretion in refusing to sever the murder and trafficking in cocaine charges against Rice. Rice's arrest for trafficking in cocaine arose out of the murder investigation. Moreover, Rice mur-

dered Johnson because of their history of selling drugs. Accordingly, Rice's convictions and sentences are

**AFFIRMED.**

HEARN, C.J., and KITTREDGE, J., concur.