THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 James Garfield Depriest, Appellant.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge
Unpublished Opinion No.  2010-UP-246
Submitted April 1, 2010  Filed April 21,
 2010
AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General William M. Blitch, Jr., all of
 Columbia; and Solicitor Robert Mills Ariail, of Greenville, for Respondent.
 
 
 
 

PER CURIAM:  James Garfield Depriest was convicted of
 one count of criminal sexual conduct with a minor in the first degree, one
 count of criminal sexual conduct with a minor in the second degree, and two
 counts of lewd act.  He received sentences of thirty years, twenty years,
 fifteen years, and fifteen years, respectively.  He appeals, arguing the trial
 court erred by refusing to sever the charges because they involved two victims,
 and he contends the trial was unduly prejudicial.  We affirm[1] pursuant to Rule 220(b), SCACR, and the
 following authorities:  State v. Rice, 368 S.C. 610, 614, 629 S.E.2d 393, 395 (Ct. App.
 2006) ("Where the offenses charged in separate indictments are of the same
 general nature involving connected transactions closely related in kind, place
 and character, the trial judge has the power, in his discretion, to order the
 indictments tried together if the defendant's substantive rights would not be
 prejudiced."); Id. at 615, 629 S.E.2d at 395 (providing charges may
 be tried together where they (1) arise out of a single chain of circumstances,
 (2) are proved by the same evidence, (3) are of the same general nature, and
 (4) when no real right of the defendant has been prejudiced); State v. Grace,
 350 S.C. 19, 23, 564 S.E.2d 331, 333 (Ct. App. 2002) ("The circuit court
 has wide discretion when deciding whether to consolidate charges for trial and
 its decision will only be overturned when an abuse of discretion has
 occurred.").  
AFFIRMED.
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.