**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ronald Jeffery Shows, Appellant.

Appellate Case No. 2012-207786

Appeal From Lexington County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2013-UP-446
Submitted October 1, 2013 – Filed December 4, 2013

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Kate Keeney, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Grace*, 350 S.C. 19, 23, 564 S.E.2d 331, 333 (Ct. App. 2002) ("[A trial court] has wide discretion when deciding whether to consolidate charges

for trial and its decision will only be overturned when an abuse of discretion has occurred."); *State v. Rice*, 368 S.C. 610, 613, 629 S.E.2d 393, 395 (Ct. App. 2006) ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law."); *State v. Cutro*, 365 S.C. 366, 374, 618 S.E.2d 890, 894 (2005) ("[W]hen offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place, and character, the trial [court] has the discretion to order the indictments tried together, but only so long as the defendant's substantive rights are not prejudiced."); *id*. at 369-70, 618 S.E.2d at 891 (affirming the trial court's decision to consolidate charges that occurred within an eight month span); *id*. at 374-75, 618 S.E.2d at 894 (stating evidence of prior bad acts may be admitted where the probative value of the evidence outweighs its prejudicial effect and the evidence tends to show motive, intent, the absence of mistake or accident, a common scheme or plan, or identity); *id*. at 375, 618 S.E.2d at 895 (holding offenses of two counts of homicide by child abuse for the deaths of two infants fit within *Lyle*[1] categories for common scheme or plan and motive when the offenses were similar in kind, place, and character); *State v. Anderson*, 318 S.C. 395, 399-400, 458 S.E.2d 56, 58-59 (Ct. App. 1995) (affirming the trial court's decision to deny a motion to sever charges and stating appellant did not suffer any prejudice when the trial court instructed the jury not to consider any of defendant's alleged prior convictions).

**AFFIRMED.**[2]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] 125 S.C. 406, 118 S.E. 803 (1923).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.