**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Paul Mahaffey, Appellant.

Appellate Case No. 2012-213062

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2014-UP-449
Heard September 9, 2014 – Filed December 10, 2014

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mary Shannon Williams, both of Columbia, for Respondent.

**PER CURIAM:** Appellant Christopher Paul Mahaffey seeks review of his convictions for first-degree burglary, petit larceny, possession of cocaine base, and possession of oxycodone.  Mahaffey argues joinder of all four charges resulted in

the admission of character evidence that otherwise would have been inadmissible in a trial on only the burglary and larceny charges.  Mahaffey also challenges the circuit court's refusal to instruct the jury on the lesser included offense of second-degree burglary.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the denial of Mahaffey's motion to sever the charges: *State v. Simmons*, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002) ("A motion for severance is addressed to the sound discretion of the trial court." (citations omitted)); *id.* ("The court's ruling will not be disturbed on appeal absent an abuse of that discretion."); *State v. Spears*, 393 S.C. 466, 475, 713 S.E.2d 324, 328 (Ct. App. 2011) ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law." (quoting *State v. Rice*, 368 S.C. 610, 613, 629 S.E.2d 393, 395 (Ct. App. 2006)); *State v. Beekman*, 405 S.C. 225, 230, 746 S.E.2d 483, 486 (Ct. App. 2013) (holding charges may be "tried together where they (1) arise out of a single chain of circumstances; (2) are proved by the same evidence; (3) are of the same general nature; and (4) no real right of the defendant has been prejudiced").

2.  As to the denial of Mahaffey's request to charge the jury on second-degree burglary: S.C. Code Ann. § 16-11-311(A)(1)(a) (2003) (stating, in pertinent part, that a person is guilty of first-degree burglary if (1) the person enters a dwelling without consent and with the intent to commit a crime in the dwelling, and (2) in entering, or while in the dwelling or in immediate flight, he or another participant in the crime is armed with a deadly weapon); S.C. Code Ann. § 16-11-312(A) (2003) ("A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein."); *State v. Coleman*, 342 S.C. 172, 175, 536 S.E.2d 387, 389 (Ct. App. 2000) ("It is not error to refuse to charge the lesser included offense unless there is evidence tending to show the defendant was guilty *only* of the lesser offense."); *State v. McCaskill*, 321 S.C. 283, 285, 468 S.E.2d 81, 82 (Ct. App. 1996) ("The general rule is that one is 'armed' for purposes of first-degree burglary if a firearm is easily accessible and readily available for use by that individual for offensive or defensive purposes." (citations omitted)); *id.* ("[T]o be 'armed' with a deadly weapon within the meaning of S.C. Code Ann. § 16-11-311(A)(1)(a), a person or 'another participant in the crime' need only have physical control over a deadly weapon 'in effecting entry or while in the dwelling or in the immediate flight therefrom' such that the weapon is readily available for the person to use."); *id.* at 286, 468 S.E.2d at 83 (concluding that when a burglar took possession and control over a loaded rifle located within

the dwelling, the rifle "was just as available to the burglar for offensive or defensive use as if the burglar had himself brought the weapon to the burglary for the purpose of committing the crime"); *State v. Funchess*, 267 S.C. 427, 430, 229 S.E.2d 331, 332 (1976) ("[T]he [p]resence of evidence to sustain the crime of a lesser degree determines whether it should be submitted to the jury[,] and the mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." (citation and quotation marks omitted)).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur**.