Justice, KITTREDGE.
Petitioner Richard Burton Beekman was convicted of committing first-degree criminal sexual conduct (CSC) with a minor on his stepson (Stepson) and a lewd act upon a child on his stepdaughter (Stepdaughter). We granted a writ of certiorari to review the court of appeals’ decision affirming the trial court’s denial of Beekman’s motion to sever the charges. We affirm.
I.
In June 2006, Beekman married Mother, who shared joint custody of Stepdaughter and Stepson with her ex-husband. On July 7, 2008, Stepdaughter reported to Mother that Beekman had sexually abused her. Mother took Stepdaughter to the children’s grandmother’s house for the night, and she and Stepson moved there the next day. At the grandmother’s house, Stepson began acting out — scratching his skin, banging his head, hyperventilating, and drawing pictures of Beekman dying. Eventually, a cousin came over to talk to Stepson, and he disclosed to her that he had also been sexually abused by Beekman.
Beekman was subsequently charged with committing CSC on Stepson and a lewd act on Stepdaughter. The State sought *635 to prosecute both indictments in a single trial. Beekman moved to sever the two charges, arguing they did not arise from the same chain of circumstances, would not be proved by the same evidence, and were not of the same general nature. He further argued he would be substantially prejudiced if the cases were tried jointly. The trial court denied the motion, finding that the events arose out of the same chain of circumstances and there was a “great overlap of evidence.”
The case proceeded to trial. Stepdaughter testified that on the evening of July 6, 2008,[1] she and Stepson slept on couches in the living room because their rooms were messy. She stayed up watching the Disney Channel awhile, but eventually fell asleep. She awoke later in the night to Beekman touching her “private area” beneath her clothes. The television was still on and the news was playing. Beekman was startled when Stepdaughter woke up, and he asked if she knew where the remote was. She threw it at him, and he left the room. According to Stepdaughter, she told Mother the next night about Beekman touching her, and they immediately moved into her grandmother’s house.
Stepson also testified that, on two separate occasions within an eight-month period,[2] Beekman touched Stepson’s penis while they were watching the news together. On both occasions, Beekman put his hands under Stepson’s clothes and touched Stepson’s bare skin. Stepson further stated that Beekman anally penetrated him on one occasion while Stepson was in Beekman’s room watching the news.
After disclosing the abuse, Stepson was examined by Dr. Nancy Henderson, the head of Greenville Hospital System’s section on child abuse and neglect and a physician board-certified in child abuse pediatrics. Dr. Henderson testified that Stepson informed her he had been touched on his genitals and that “someone had put his private part into [Stepson’s] bottom.” Although his rectal exam was normal and did not uncover any signs of scars or tearing, Dr. Henderson noted that ninety percent of children have normal exams even when there is a history of penetration.
*636 The jury convicted Beekman of both crimes. He was sentenced to thirty years’ imprisonment for CSC and fifteen years’ imprisonment for the lewd act, to be served consecutively.
Beekman appealed arguing, in part, that the trial court erred in denying his motion to sever the charges. The court of appeals affirmed. State v. Beekman, 405 S.C. 225, 746 S.E.2d 483 (Ct.App.2013). We granted certiorari to review the court of appeals’ opinion.
Beekman argues the court of appeals erred in affirming the trial court’s denial of his motion to sever the charges because the crimes did not arise out of a single chain of circumstances and were not provable by the same evidence. Further, Beekman argues that trying the charges together unfairly prejudiced him because it allowed the jury to consider evidence the State would have been prevented from presenting in separate trials and likely created the impression in jurors’ minds that Beekman had a propensity to sexually abuse children. Therefore, according to Beekman, this Court should reverse his convictions and remand his case for separate trials. For the reasons discussed below, we disagree.
II.
“Charges can be joined in the same indictment and tried together where they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced.” State v. Tucker, 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996) (citing State v. Tate, 286 S.C. 462, 464, 334 S.E.2d 289, 290 (Ct.App.1985)). “A motion for severance is addressed to the trial court and should not be disturbed unless an abuse of discretion is shown.” Id. (citing State v. Anderson, 318 S.C. 395, 398, 458 S.E.2d 56, 57-58 (Ct.App.1995)).
III.
First, Beekman asserts the offenses did not arise from a single chain of circumstances. We disagree and, like the court of appeals, reject Beekman’s “restrictive reading of the phrase ‘a single chain of circumstances.’ ” Beekman, 405 S.C. *637 at 231, 746 S.E.2d at 486. Instead, we agree -with the court of appeals that “the two charges against Beekman arose from, in substance, a single course of conduct or connected transactions.” Id.
In other cases, even though the charges did not arise out of a single, isolated incident, this Court and the court of appeals have allowed joinder when the crimes “involv[ed] connected transactions closely related in kind, place, and character.” State v. Cutro, 365 S.C. 366, 374, 618 S.E.2d 890, 894 (2005) (footnote and citations omitted); see, e.g., id. at 373-75, 618 S.E.2d at 894-95 (finding no abuse of discretion in denying a motion to sever charges involving multiple victims of Shaken Baby Syndrome even though the charges stemmed from separate occurrences); Tucker, 324 S.C. at 163-65, 478 S.E.2d at 264-65 (permitting joinder of charges stemming from a multiday crime spree that included a murder and multiple break-ins); State v. McGaha, 404 S.C. 289, 291-99, 744 S.E.2d 602, 603-07 (Ct.App.2013) (affirming, under facts almost identical to the present case, joinder of CSC with a minor and lewd act upon a child charges arising from the abuse of two sisters who were both abused by an individual in the same manner, in the same place, and during the same time frame); State v. Jones, 325 S.C. 310, 314-16, 479 S.E.2d 517, 519-20 (Ct.App.1996) (finding no abuse of discretion in consolidating child sexual molestation charges, even though the charges concerned two victims, when the offenses “were of the same general nature” and arose from the same “pattern of sexual abuse”); see also City of Greenville v. Chapman, 210 S.C. 157, 161-62, 41 S.E.2d 865, 867 (1947) (explaining that courts should avoid the “inflexible application” of the rule that charges must arise out of the same set of circumstances to warrant joinder and noting that if “it does not appear that any real right of the defendant has been jeopardized, [then] it would be a refinement not demanded by the law or by justice to require in all instances a separate trial”). There can be no dispute that Beekman’s molestation of his two stepchildren “involv[ed] connected transactions closely related in kind, place, and character.” Cutro, 365 S.C. at 374, 618 S.E.2d at 894 (footnote omitted). Specifically, Beekman’s victims were siblings and the molestation occurred (1) at the same place — the -victims’ home; (2) over the same period of time — the eight-month period between *638 November 2007 and July 2008; and (3) with the same modus operandi — Beekman taking advantage of the children’s habit of watching television with him. Cf. Cutro, 365 S.C. at 374 n. 4, 618 S.E.2d at 894 n. 4 (finding joinder proper where “the State produced evidence each offense involved the violent shaking of an infant at the [defendant’s] home daycare”). Therefore, the same level of interconnectedness of crimes that was sufficient to permit joinder in Tucker, Cutro, McGaha, and Jones is present here.
Beekman next argues that the molestation of each child was a distinct crime and that the two charges are not supported by the same evidence. Of course they are distinct crimes, but that in no manner diminishes the glaring similarities in Beekman molesting both of his stepchildren in the same place, over the same time period, and in a similar manner. Cf. Cutro, 365 S.C. at 369-75, 618 S.E.2d at 891-95 (affirming the trial court’s refusal to sever charges involving multiple victims where the appellant was charged with two counts of homicide by child abuse and one count of assault and battery, each of which involved incidents occurring at different times with different children). Indeed, Beekman acknowledges that testimony from many of the same witnesses would be used to prove both charges.
The fact that the State did not present the exact same testimony to prove the molestation of each stepchild is not dispositive in considering whether joinder of the charges was proper. Beekman advocates for a rule that strictly requires all charges be proved by completely identical evidence, a requirement nowhere to be found in our precedents requiring that the crimes be “proved by the same evidence.” See, e.g., Tucker, 324 S.C. at 164, 478 S.E.2d at 265 (citing Tate, 286 5.C. at 464, 334 S.E.2d at 290) (listing the joinder requirements).
For joinder of related offenses, our appellate courts have recognized that there may be evidence that is relevant to one or more, but not all, of the charges. Tucker is such an example. James Neil Tucker committed a murder and robbery; he subsequently broke into a church and a mobile home while on the run from police. Id. at 160-61, 478 S.E.2d at 263. This Court affirmed the denial of Tucker’s motion to sever the *639 charges. Id. at 163-65, 478 S.E.2d at 264-65. By arguing that the evidence of multiple crimes may not merely overlap but must be wholly identical to warrant consolidation for trial, Beekman ignores the fact that the evidence needed to prove Tucker committed the murder was necessarily different than the evidence needed to prove Tucker broke into the church and mobile home.
IV.
We affirm the court of appeals in finding no abuse of discretion in the joinder of the charges, for the charges arose out of a single course of conduct, were of the same general nature, and were proved by the same evidence. Further, joinder did not prejudice any of Beekman’s substantial rights. See Tucker, 324 S.C. at 164, 478 S.E.2d at 265 (citing Tate, 286 S.C. at 464, 334 S.E.2d at 290). The decision of the court of appeals is affirmed.
AFFIRMED.
HEARN, J. and Acting Justice Jean H. Toal, concur.
PLEICONES, C.J., dissenting in a separate opinion in which BEATTY, J., concurs.

. Stepdaughter was twelve years old at the time.

. During this time, Stepson was eight years old.