**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jerald Denton Gaskins, Jr., Appellant.

Appellate Case No. 2015-000312

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2017-UP-166
Submitted February 1, 2017 – Filed April 19, 2017

**AFFIRMED**

J. Falkner Wilkes, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:** Jerald Denton Gaskins, Jr. appeals his convictions of criminal sexual conduct with a minor second degree and lewd act upon a minor, arguing (1) the trial court erred in allowing evidence of prior bad acts, (2) the trial court erred in allowing the State to question him about text messages without laying a proper

foundation, and (3) the cumulative prejudicial effect of all errors throughout the trial should be considered in evaluating the prejudicial effect of the preserved issues. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting evidence of prior bad acts: *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009) ("The trial judge has considerable latitude in ruling on the admissibility of evidence and his decision should not be disturbed absent prejudicial abuse of discretion."); Rule 404(b), SCRE (providing evidence of other crimes, wrongs, or acts may be admissible to show the existence of a common scheme or plan); *State v. Wallace*, 384 S.C. 428, 433, 683 S.E.2d 275, 277-78 (2009) ("When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity."); *State v. Scott*, 405 S.C. 489, 500, 748 S.E.2d 236, 242 (Ct. App. 2013) ("A close degree of similarity exists when the 'similarities outweigh the dissimilarities.'" (quoting *Wallace*, 384 S.C. at 433, 689 S.E.2d at 278)); *id.* at 502, 748 S.E.2d at 243 (noting there was a close degree of similarity between the witness's testimony and the victim's testimony, despite some differences, because "the *vast majority* of [the 404(b) witness's] specific allegations directly align[ed]" with the victims' testimonies).

2. As to whether the trial court erred in allowing the State to question Gaskins about text messages without laying a proper foundation: *State v. Martucci*, 380 S.C. 232, 259, 669 S.E.2d 598, 612-13 (Ct. App. 2008) ("Where a defendant objects and the objection is sustained but he does not move to strike the evidence, the issue is not preserved for appellate review."); *State v. Bryant*, 372 S.C. 305, 315-16, 642 S.E.2d 582, 588 (2007) (providing an issue conceded at trial may not be argued on appeal).

3. As to the cumulative prejudicial effect of all errors: *See State v. Beekman*, 405 S.C. 225, 238, 746 S.E.2d 483, 490 (Ct. App. 2013), *aff'd*, 415 S.C. 632, 785 S.E.2d 202 (2016) (noting the defendant's argument the court should consider the cumulative effect of unpreserved errors was effectively "asking th[e] court to apply the plain error doctrine by combing the record for unpreserved issues and arguing the cumulative effect of these unpreserved matters deprived him of a fair trial"); *State v. Sheppard*, 391 S.C. 415, 421, 706 S.E.2d 16, 19 (2011) (providing South Carolina does not recognize the "plain error" rule).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and MCDONALD, JJ., concur.**