**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

J.C. Bowler, Appellant.

Appellate Case No. 2017-001115

_____

Appeal From Chester County
Brian M. Gibbons, Circuit Court Judge

_____

Unpublished Opinion No. 2019-UP-259
Submitted May 8, 2019 – Filed July 17, 2019

_____

**AFFIRMED**

_____

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Samuel Marion Bailey, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, for Respondent.

_____

**PER CURIAM:**  J.C. Bowler appeals his convictions for pointing and presenting a firearm and murder, arguing the trial court erred in refusing to sever the charges because they did not arise out of a single chain of circumstances and were not provable by the same evidence and because the pointing and presenting charge was prejudicial as it showed criminal propensity.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* ("[An appellate c]ourt is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Beekman*, 415 S.C. 632, 636, 785 S.E.2d 202, 204 (2016) ("A motion for severance is addressed to the trial court and should not be disturbed unless an abuse of discretion is shown." (quoting *State v. Tucker*, 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996))); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Beekman*, 415 S.C. at 636, 785 S.E.2d at 204 ("Charges can be joined in the same indictment and tried together whe[n] they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced." (quoting *Tucker*, 324 S.C. at 164, 478 S.E.2d at 265)); *id.* at 637, 785 S.E.2d at 205 ("In other cases, even though the charges did not arise out of a single, isolated incident, [our appellate courts] have allowed joinder when the crimes 'involv[ed] connected transactions closely related in kind, place, and character.'" (last alteration by court) (quoting *State v. Cutro*, 365 S.C. 366, 374, 618 S.E.2d 890, 894 (2005))); *Cutro*, 365 S.C. at 374, 618 S.E.2d at 894 ("We have found prejudice whe[n] the defendant was jointly tried on charges for which the evidence would not otherwise have been admissible under *Lyle*[1]."); *id.* ("*Lyle* prohibits [bad act] evidence unless the evidence has a particular relevance to the crime charged and falls within at least one of five categories: motive, identity, common scheme or plan, absence of mistake or accident, or intent."); *id.* at 375, 618 S.E.2d at 894 ("In the context of the joinder of charges for a jury trial, however, procedural safeguards are already in place that eliminate the need for preliminary fact-finding by the trial judge.  Before a defendant is tried on joint charges, the charges are investigated by law enforcement and subject to judicial procedures such as indictment and preliminary hearing.  In this procedural context, it is unnecessary to hold a 'mini-trial' for the State to prove each charge to the judge before proceeding with a joint trial to the jury.").

---

[1] *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).

**AFFIRMED.**[2]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.