## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Dwayne Cameron Tallent, Appellant.

Appellate Case No. 2017-001585

———————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———————

Opinion No. 5729
Heard March 17, 2020 – Filed June 10, 2020

———————

### AFFIRMED

———————

Matthew J. Kappel, of Law Office of Matthew J. Kappel, PC, and J. Falkner Wilkes, both of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————

**HEWITT, J.:** This case is chiefly about whether the trial court abused its discretion in declining to sever criminal charges from being tried together. The State alleged that Dwayne C. Tallent sexually abused his minor stepdaughter for several years and he gave her and one of her brothers (the only brother who was a minor at the time) illegal drugs and alcohol after the brothers moved into the house Tallent shared with the siblings' mother. Tallent was charged with first and second

degree criminal sexual conduct with a minor; lewd act upon a child; and a single count of contributing to the delinquency of stepdaughter and brother. A jury convicted him of the charges. The trial court ordered concurrent sentences of thirty years' imprisonment.

Here, Tallent argues the trial court erred in denying his motion to sever the contributing to the delinquency of a minor charge from the other charges. He also argues the trial court erred in admitting evidence of his manufacture, sale, and use of cocaine, crack cocaine, and methamphetamine. In his view, allowing the more egregious drug-related testimony into evidence violated Rule 403 of the South Carolina Rules of Evidence.

We reject these arguments for the same basic reason: both decisions are reviewed under the abuse of discretion standard, and the record reveals no abuse of discretion. Thus, we affirm.

**FACTS**

This was a delayed reporting case. The abuse allegedly began in the early 1990s when stepdaughter was five or so years old. Stepdaughter testified Tallent's abusive conduct escalated over several years. Details of the abuse need not be repeated here.

Stepdaughter said the abuse ended when she was approximately fourteen years old and went to live with her biological father. She reported the abuse to authorities when she was twenty-six.

Stepdaughter also recalled being around illegal drugs in the household as early as five years old. She testified Tallent let her try marijuana when she was twelve and continued providing her with marijuana and alcohol until she moved out. Stepdaughter also testified crack cocaine and other drugs were present in the home.

The brothers moved into the home some years after their sister. Tallent allegedly exposed both brothers to illegal drugs and alcohol. Both brothers also testified to witnessing Tallent's odd behavior with their sister and, eventually, his abuse of her.

For example, the younger brother stated marijuana use was common in the house. He recalled that Tallent provided all of the children with marijuana, gave the brothers cocaine and other drugs, and taught the brothers how to make crack cocaine.

The younger brother also recalled Tallent frequently touched stepdaughter and rubbed her inner thigh in ways that seemed awkward and inappropriate. He stated it was not uncommon for stepdaughter to be in bed with Tallent. He additionally testified that on one occasion he looked through the keyhole of the bedroom door, witnessed Tallent sexually abusing stepdaughter, kicked the door open, and confronted Tallent.

Older brother corroborated this account about the illegal drug activity and the episode where younger brother witnessed his sister being sexually abused.

Before trial, Tallent moved to sever the contributing to the delinquency of a minor charge from the remaining charges on the ground that trying the charges together would cause undue prejudice by allowing evidence that would otherwise be inadmissible if the trial only involved the CSC and lewd act charges. Tallent argued his involvement in manufacturing, selling, and using cocaine, crack cocaine, and methamphetamine had no substantial connection to the CSC or lewd act charges and would have never passed the probative versus prejudicial threshold if offered as "prior bad acts" in a trial solely concerning the alleged sexual abuse.

The trial court disagreed and found that the charges were interconnected and interwoven. Therefore, the court determined it was appropriate to try them together. The court nevertheless reserved the right to exclude certain testimony if it was unduly prejudicial and specifically mentioned that it was not ruling evidence of drug *transactions* and *manufacturing* would be admitted.

Prior to stepdaughter's testimony regarding drug activity in the house, the State requested that the jury be sent out of the courtroom to seek clarification on the trial court's ruling. The State said it planned to introduce testimony that Tallent provided stepdaughter with marijuana and alcohol, provided cocaine and other drugs to other people in the household, and manufactured crack cocaine in front of stepdaughter. The State argued this evidence was relevant to the contributing to the delinquency of a minor charge.

Tallent objected, arguing the drug evidence was so prejudicial that he would not be able to receive a fair trial and its admission would violate Rule 403. Tallent acknowledged evidence that he gave stepdaughter marijuana and alcohol was relevant to the contributing to the delinquency of a minor charge and admissible. However, Tallent claimed testimony and evidence regarding drug manufacturing, drug transactions, extortion, and firearms was more prejudicial than probative and inadmissible.

The trial court held testimony regarding drug activity was relevant to the contributing to the delinquency of a minor charge and admissible. However, and as before, the court noted Tallent should object if he felt specific testimony violated Rule 403 or went "beyond simply proving the elements of contributing to the delinquency of a minor."

The trial court and the parties continued addressing this issue throughout the trial as various drug-related testimony came out. The court generally allowed testimony regarding drug use and manufacturing in which stepdaughter and her brothers were personally involved. The court also sustained objections and provided curative instructions as to testimony of drug transactions with third parties and other evidence not directly related to Tallent's charges.

Multiple witnesses testified in Tallent's defense, generally stating they did not witness any inappropriate conduct by Tallent toward stepdaughter or other minors. The jury convicted Tallent of all four charges.

**SEVERANCE**

Tallent argues the trial court erred in denying his motion to sever the contributing to the delinquency of a minor charge. Tallent contends this charge was not "the same general kind of charge, or related in kind, place or character sufficiently to be tried with the sexual offense charges." Additionally, Tallent claims the evidence related to his manufacture, sales, and use of cocaine, crack cocaine, and methamphetamine was unrelated and overly prejudicial with regard to the CSC and lewd act charges. In his view, the court improperly focused on whether the drug-related evidence was relevant to the contributing to the delinquency of a minor charge rather than asking whether this evidence would be admissible if the CSC and lewd act charges were tried alone.

In simple terms, the law explains that multiple charges can be tried together when they have a logical relationship to each other and when there is no prejudice. The "test" is that the charges must "(1) arise out of a single chain of circumstances, (2) [be] proved by the same evidence, [and] (3) [be] of the same general nature . . . ." *State v. Tucker*, 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996). Further, no real right of the defendant can be prejudiced. *Id.* "Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial [court] has the power, in [its] discretion, to order the indictments tried together if the defendant's

substantive rights would not be prejudiced."  *State v. Rice*, 368 S.C. 610, 614, 629 S.E.2d 393, 395 (Ct. App. 2006).

Decisions on severance and joinder are reviewed under a deferential standard. These rulings "should not be disturbed unless an abuse of discretion is shown." *Tucker*, 324 S.C. at 164, 478 S.E.2d at 265.  "An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law."  *Rice*, 368 S.C. at 613, 629 S.E.2d at 395.

Cases use variants of the same general language to describe when the joinder of charges is appropriate.  Recent precedent describes joinder as being appropriate for crimes that involve "connected transactions closely related in kind, place, and character."  *State v. Beekman*, 415 S.C. 632, 637, 785 S.E.2d 202, 205 (2016) (quoting *State v. Cutro*, 365 S.C. 366, 374, 618 S.E.2d 890, 894 (2005)).  This same decision rejected a restrictive reading of the phrase "a single chain of circumstances."  *Beekman*, 415 S.C. at 636, 785 S.E.2d at 204.

"Offenses are considered to be of the same general nature where they are interconnected."  *Rice*, 368 S.C. at 614, 629 S.E.2d at 395.  "Conversely, offenses which are of the same nature, but which do not arise out of a single chain of circumstances and are not provable by the same evidence may not properly be tried together."  *Id.*

Mindful of these principles, we do not see an abuse of the trial court's discretion in denying Tallent's motion to sever the charges.  In our view, one can sensibly say that these charges arose out of a single chain of circumstances, were proved by the same evidence, and were of the same general nature and Tallent was not unfairly prejudiced.  *See Tucker*, 324 S.C. at 164, 478 S.E.2d at 265.

First, Tallent's abuse of stepdaughter covered a period of years in various homes where the family lived.  During parts of this same period, Tallent supplied stepdaughter and her brothers with illegal drugs and alcohol.  He also taught the brothers how to manufacture crack cocaine during this same time period. Although the charges did not arise out of a single isolated incident, the CSC, lewd act, and contributing to the delinquency of a minor charges "arose from, in substance, a single course of conduct or connected transactions."  *Beekman*, 415 S.C. at 636-37, 785 S.E.2d at 204 (quoting *State v. Beekman*, 405 S.C. 225, 231, 746 S.E.2d 483, 486 (Ct. App. 2013)).  In short, there was evidence that this improper conduct was continuous and spanned several years.

Second, the charges were proved by common evidence. All four charges were proved by the same witnesses—stepdaughter and her brothers. *See Beekman*, 415 S.C. at 638, 785 S.E.2d at 205 (stating that although the defendant's charges were distinct crimes, testimony from many of the same witnesses was used to prove both charges, and rejecting the defendant's argument that joinder required the charges to rely on identical evidence).

Third, the charges were of the same general nature. *See Rice*, 368 S.C. at 614, 629 S.E.2d at 395 ("Offenses are considered to be of the same general nature where they are interconnected."). The State presented evidence showing Tallent abused stepdaughter in the same locations and during the same time periods that he supplied her and her younger brother (the only brother mentioned in the indictment) with drugs and alcohol.

The State's witnesses also testified Tallent's providing stepdaughter with marijuana and alcohol was evidence of Tallent "grooming" stepdaughter so he could abuse her. Although the charges in this case technically differ from each other in that some were sexual in nature and the contributing to the delinquency of a minor charge was drug-related, all are more broadly of the same general nature and could be fairly characterized as involving abusive conduct toward minors.

Fourth, and critically, it is hard to say the joinder of these charges caused unfair prejudice. Tallent contends he was harmed by the drug evidence because it was not relevant to the CSC and lewd act charges. But the test is not so narrow, and precedent says "there may be evidence that is relevant to one or more, but not all, of the charges." *Beekman*, 415 S.C. at 638, 785 S.E.2d at 205. Additionally, and as discussed below, we fail to see how evidence of Tallent's use, manufacture, and sale of cocaine, crack cocaine, and methamphetamine would have a tendency to suggest an improper basis upon which a jury would rely upon in finding he committed CSC or a lewd act. The evidence was harmful to be sure. But we do not think it was unfairly harmful.

In addition to *Beekman*, the present case strikes us as fairly similar to *State v. Davis*, 422 S.C. 472, 812 S.E.2d 423 (Ct. App. 2018). There, the defendant was charged with a property crime—burglary—and possession of methamphetamine with intent to distribute. *Id.* at 476, 812 S.E.2d at 426. The charges stemmed from an incident in which the defendant broke into a home, fled the scene, but left a vehicle behind. *Id.* at 477, 812 S.E.2d at 426. When officers searched the vehicle, they discovered drug paraphernalia and two bags of methamphetamine. *Id.* at 478, 812 S.E.2d at 426-27.

Davis argued the charges should have been severed because the methamphetamine was unrelated to the burglary, not proved by the same evidence, and the joinder of the charges would cause significant prejudice. *Id.* at 481, 812 S.E.2d at 428. This court disagreed, finding the possession with intent to distribute charge arose from the same chain of circumstances as the burglary and was proved through testimony of many of the same witnesses and the defendant did not suffer any prejudice due to the joinder. *Id.* at 481-82, 812 S.E.2d at 428-29.

If there was no winning case for joinder causing unfair prejudice in *Davis*, we think there is not a winning case for unfair prejudice here. Tallent's basic argument seems to be that certain types of especially harmful drug-related evidence would necessarily sway a jury to improperly convict a defendant on charges that are not drug-related. Although that may be true in some individual cases, we respectfully disagree with such a blanket proposition and note that if it were true, the result in *Davis* would be different.

## ADMISSION OF DRUG EVIDENCE

Tallent argues the trial court erred in admitting evidence of his manufacture, sale, and use of cocaine, crack cocaine, and methamphetamine because the danger of unfair prejudice from this evidence substantially outweighed its probative value.

Rule 403, SCRE, is a familiar one and provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Precedent explains "[u]nfair prejudice means an undue tendency to suggest a decision on an improper basis." *State v. Huckabee*, 419 S.C. 414, 423, 798 S.E.2d 584, 589 (Ct. App. 2017) (quoting *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008)).

As already noted, a deferential standard of review applies here as well. "A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances. We review a trial court's decision regarding Rule 403 pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment." *Id.* (quoting *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 28 (2014)).

We find the trial court acted within its discretion in admitting evidence of Tallent's use, manufacture, and sale of cocaine, crack cocaine, and methamphetamine. Tallent was charged with contributing to the delinquency of stepdaughter and one of her brothers. The statute says it is unlawful "for any person over eighteen years of age to . . . cause or influence a minor: (1) [t]o violate any law or any municipal ordinance . . . ." S.C. Code Ann. § 16-17-490 (2015). Stepdaughter and both brothers testified Tallent provided them with various drugs and taught the brothers how to make crack cocaine.

This testimony was obviously probative of the contributing to the delinquency charge. Indeed, we are unable to formulate a sensible argument that this testimony is not probative.

Tallent's core argument is unfair prejudice, but we think the danger of unfair prejudice from this testimony was relatively low. Although evidence of drug activity is admittedly not relevant to the elements of the CSC and lewd act charges, we fail to see how evidence of drug-related activity would have a tendency to suggest an improper basis for the jury to convict Tallent of CSC or committing a lewd act. *See Huckabee*, 419 S.C. at 423, 798 S.E.2d at 589 ("Unfair prejudice means an undue tendency to suggest a decision on an improper basis." (quoting *Lyles*, 379 S.C. at 338, 665 S.E.2d at 206)). Nothing suggests the jury would be tempted to find Tallent guilty of sexual abuse if it believed Tallent exposed stepdaughter and her brothers to drugs and alcohol.

A holding in Tallent's favor here would be tantamount to a holding that certain drug-related evidence that is probative on one charge inherently causes unfair prejudice on other charges that are not drug-related. We are not aware of any support for that proposition. Accordingly, we find the trial court did not abuse its discretion in admitting testimony regarding Tallent's drug activity.

**CONCLUSION**

The trial court did not abuse its discretion in denying Tallent's motion to sever and in admitting evidence related to drug use and manufacturing. Thus, Tallent's convictions and sentences are

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS, J., concur.**