**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alyssa Anne Dayvault, Appellant.

Appellate Case No. 2020-001515

———————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-141
Submitted February 1, 2023 – Filed April 5, 2023

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia; and Solicitor Jimmy A. Richardson, II, of
Conway, all for Respondent.

———————

**PER CURIAM:** Alyssa Anne Dayvault appeals her convictions for two counts of homicide by child abuse and sentence of forty years' imprisonment. On appeal, she

argues the trial court erred in allowing the State to join two separate homicide by child abuse charges in the same jury trial.

We hold the trial court did not abuse its discretion in allowing the joinder of Dayvault's two homicide by child abuse charges in the same trial. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Rice*, 368 S.C. 610, 613, 629 S.E.2d 393, 394 (Ct. App. 2006) (stating a determination as to whether to try two charges jointly "is addressed to the sound discretion of the trial court"); *id.* ("The trial court's ruling will not be disturbed on appeal absent an abuse of that discretion."); *State v. Harris*, 351 S.C. 643, 652, 572 S.E.2d 267, 272 (2002) ("Charges can be joined in the same indictment and tried together where they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced."); *State v. Beekman*, 415 S.C. 632, 637, 785 S.E.2d 202, 205 (2016) ("In other cases, even though the charges did not arise out of a single, isolated incident, [our appellate courts] have allowed joinder when the crimes 'involv[ed] connected transactions closely related in kind, place, and character.'" (second alteration in original) (quoting *State v. Cutro*, 365 S.C. 366, 374, 618 S.E.2d 890, 894 (2005))); *id.* at 638, 785 S.E.2d at 205 ("For joinder of related offenses, our appellate courts have recognized that there may be evidence that is relevant to one or more, but not all, of the charges."); *State v. McGaha*, 404 S.C. 289, 297-98, 744 S.E.2d 602, 606 (Ct. App. 2013) (finding the defendant's two cases were "not merely of the same general nature—they [were] identical"); *id.* at 298, 744 S.E.2d at 606 ("In cases where the defendant argues prejudice from the admission of evidence of the other charges tried in the same case, our courts have analyzed whether evidence of one or more charges would be admissible in a trial involving only the other charge."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Perry*, 430 S.C. 24, 44, 842 S.E.2d 654, 665 (2020) (holding to admit evidence of other crimes to show a common plan or scheme, "[t]he State must demonstrate to the trial court that there is in fact a scheme or plan common to both crimes, and that evidence of the other crime serves some purpose other than using the defendant's character to show his propensity to commit the crime charged"); *id.* (holding while similarity can help meet the burden, the State must also "show a logical connection between the other crime and the crime charged such that the evidence of other crimes 'reasonably tends to prove a material fact in issue'" (quoting *State v. Lyle*, 125 S.C. 406, 417, 118 S.E. 803, 807 (1923))).

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.